WILLIAM D. ONTHANK, Respondent, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILROAD COMPANY, Appellant.

Where a grant is made in general terms of a right to enter upon the lands of the grantor and lay pipe for the purpose of conducting water across them, without specifying the place or size of pipe, after the grantee has, with the acquiescence of the grantor, once laid the pipe, what was before indefinite and general becomes fixed and certain, and the easement cannot thereafter be changed; it can neither be exercised in any other place nor can the size of the pipe be increased.

Upon the lands of one B., which adjoined those of plaintiff's, there was a spring, the waters from which flowed across plaintiff's lands in a well-defined natural channel, furnishing a constant supply of water for his horses and cattle. B., in 1863, granted to the B. & S. L. R. R. Co.—to whose rights defendant succeeded—the right to enter upon his lands to build and maintain a reservoir, and to lay down and maintain an iron pipe to carry water therefrom to a depot. Plaintiff also, with knowledge of such grant, granted to the same company the right to enter upon his lands "for the purpose of laying down and keeping in repair an iron pipe" to carry the water from said reservoir across said lands. The grantee excavated a reservoir, collecting therein the waters of the spring, and laid down a two-inch iron pipe across B.'s lands and the lands of the plaintiff, which left enough surplus water in the old channel to supply plaintiff's wants. In 1871, defendant improved and repaired the reservoir, and put down a four-inch in place of the two-inch iron pipe; this took so much of the water that not enough was left for plaintiff's use. In an action to recover damages, for alleged trespass, *held,* that, as the grant from plaintiff was indefinite and general, the surrounding circumstances might be considered to define and limit the easement granted; that after the pipe had been once laid by the grantee, the right became fixed and certain, and it had no right thereafter to lay down a larger pipe; and that, therefore, the action was maintainable.

(Argued October 8, 1877; decided November 13, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, granting a new trial, plaintiff having been nonsuited on trial, and motion for a new trial having been ordered to be heard, at first instance, at General Term.    (Reported below, 8 Hun, 13.)

This action was brought to recover damages for an alleged trespass upon plaintiff's lands.

The facts appear sufficiently in the opinion.

*A. P. Laning,* for appellant.    Defendant had a lawful right under the deed from plaintiff to do all the acts charged or proved against it.    (*Cromwell* v. *Selden,* 3 N. Y., 253 ; *Bash* v. *Empire,* 5 id., 33 ; *Johnson* v. *Salisbury,* 10 J. R., 456 ; *Bedoe* v. *Wadsworth,* 21 Wend., 120.)

*H. C. Kingsbury,* for respondent.    Plaintiff was entitled to the uninterrupted flow of the stream across his land.

(*Crocker* v. *Bragg*, 10 Wend., 260 ; *Arnold* v. *Foot*, 12 id., 330.) This right is an interest in real property. (1 C. Instit., 4 ; 2 Blackstone, 18.) The grant to lay pipes to convey the water to Portland station, for the consideration and in the manner proved, was not a license to take it any further. (Wood on Nuis., 340–373.)

EARL, J. In May, 1863, one Brown, whose farm adjoined that of the plaintiff, executed to the Buffalo and State Line Railroad Company a deed granting to it, and its successors and assigns forever, the right to enter upon his land "for the purpose of building and maintaining a reservoir for water, and laying down and maintaining an iron pipe or conductor to carry the water from said reservoir to the water-tanks at the Portland station, and also the right to build and maintain blind and covered ditches to conduct the water to the said reservoir ; the said iron pipe is to be laid at least two feet below the surface of the ground." The plaintiff, knowing of the contents of this deed, on the same day executed to the same company a deed granting to it, and its successors and assigns forever, the right to enter upon his land "for the purpose of laying down and keeping in repair an iron pipe or conductor, to carry water to the water-tank near the Portland depot, which pipe are to be laid at least two feet below the surface of the ground." The defendant has succeeded to the rights of the grantee in these deeds. At the date of the deeds, there was a spring on Brown's land, the water of which flowed out of his land on to and across plaintiff's land in a well-defined, natural channel, which furnished a constant supply of water for plaintiff's cattle and horses.

After the deeds were given, the grantee excavated a reservoir upon Brown's land, and collected therein the water of the spring and of the adjacent land ; and it laid down two-inch iron pipe from the reservoir across Brown's land and plaintiff's land to Portland station. The pipe thus laid down remained until 1871, and during all that time there

was enough surplus water flowing in the old channel to sup-
ply all plaintiff's wants.  In 1871, the defendant improved
and repaired the reservoir and the drains leading into it, and
put down a four-inch pipe instead of the two-inch pipe, and
thus used so much of the water of the spring as to leave run-
ning an insufficient quantity for the use of the plaintiff.
This action was brought for the injury caused plaintiff by
laying down the enlarged pipe, and thereby diverting the
increased quantity of water.

Plaintiff's grant to the railroad is general and indefinite.
It does not define or limit the place in which the pipe was
to be laid, nor specify what water was to be conducted.
Hence the surrounding circumstances, such as the existence
of the spring, the channel over plaintiff's land, the execution
of the deed by Brown, the topography of the country, and
the acts of the parties both prior and subsequent to the
grant may be considered for the purpose of learning the
intention of the parties, and thus defining and limiting the
easement granted.    (*French* v. *Hays*, 43 N. H. 30.)   It is
thus made manifest that it was intended by plaintiff's grant
to give the right to lay down pipe to conduct water from the
reservoir on Brown's land over his land to the Portland sta-
tion, which would otherwise flow in the natural channel
above mentioned.

After the grantee had once laid its pipe and, thus selected
the place where it would exercise its easement thus granted
in general terms, what was before indefinite and general
became fixed and certain, and the easement could not be
exercised in any other place.   This is confessedly so in refer-
ence to rights of ways granted in similar terms.  (Washburn
on Easements, 225, 240; *Wynkoop* v. *Burger*, 12 J. R.,
222.)   And the same rule of construction was applied to the
right to lay an aqueduct from a spring, granted in general
terms, in *Jennison* v. *Walker* (11 Gray, 423).   In that case
BIGELOW, J., said : " Where an easement in land is granted
in general terms, without giving definite location and descrip-
tion to it, so that the part of the land over which the right

is to be exercised cannot be definitely ascertained, the grantee does not thereby acquire a right to use the servient estate without limitation as to the place or mode in which the easement is to be enjoyed. When the right granted has been once exercised in a fixed and definite course, with the full acquiescence and consent of both parties, it cannot be changed at the pleasure of the grantee." And he said: "This rule rests on the principle that when the terms of a grant are general or indefinite, so that its construction is uncertain and ambiguous, the acts of the parties, contemporaneous with the grant giving a practical construction to it, shall be deemed to be a just exposition of the intent of the parties."

It is clear, then, that the right to lay the pipe under plaintiff's grant was fixed by the act of the grantee, and the acquiescence of the grantor to the place taken, and it cannot be exercised in any other place across plaintiff's land. But why is not the right also fixed for the same reasons as to the size of the pipe, and the quantity of water to be diverted ? I can perceive no reason for confining the operation of this rule to the mere place where the right is to be exercised. There is the same reason for applying it to the entire right granted. In *Bannon* v. *Angier* (2 Allen, 128), the same learned judge again said: " Where a right of way or other easement is granted by deed without fixed and defined limits, the practical location and use of such way or easement by the grantee under his deed acquiesced in by the grantor, at the time of the grant, and for a long time subsequent thereto, operate as an assignment of the right, and are deemed to be that which was intended to be conveyed by the deed, and are the same in legal effect as if it had been fully described by the terms of the grant."

The language used in plaintiff's grant shows quite clearly that it was not intended that after the grantee had laid down a pipe, it should have the right to enter upon the land to lay down a larger pipe. The right granted was to enter upon the land, and lay down *a* pipe two feet below the surface, and to keep *that* pipe in repair, not to enter upon the

land at any time, and dig up the soil for the purpose of laying down a larger pipe.

Plaintiff's action is therefore maintainable, and the order of the General Term must be affirmed, and judgment absolute for plaintiff.

All concur, except CHURCH, Ch. J., not voting; FOLGER and MILLER, JJ., absent.

Order affirmed and judgment accordingly.