Spear, J.
A number of errors are alleged, but the view taken by this court of the principal one makes it unnecessary to consider the others.
By its answer the railway company took issue with the averment of the petition that it was in occupancy of land ’ without right, and alleged in substance that it acquired its rights in the year 1887, by purchase at judicial sale from a corporation known as the Columbus and Eastern Railroad Company, which corporation, in the year 1883, constructed a railroad; that in the month of July, 1883, the said railroad company located and constructed its line of railroad.upon the lands of plaintiff described in the petition; that the same was done under and in pursuance of a written contract with plaintiff by the terms of which the plaintiff, for the consideration of $375.00, granted to said company said strip of land for said railroad; that after said railroad had been located and constructed on said strip as aforesaid, the company paid plaintiff for the said right of way, the said sum of $375.00, and thereby acquired title to said right of way. Á copy of the contract is set out in the answer.
By its reply, the petitioner denied that he ever sold the railroad company the right of way sought to be appropriated herein, and averred that said land was never purchased or paid for by the said company.
At the preliminary hearing- the probate court found that in the year 1883 the plaintiff sold to the railroad company a right of way for its railroad across his premises described in the petition by a written contract, and that on August 18, 1883, the *274 company paid him the sum of $375.00 therefor, and that the defendant company purchased of the railroad company as alleged. The court further found that in the construction of its road the company deviated a part of the way a short distance from the line' described in the written contract, and that a part of the road is on the right of way described in the contract and part of the same, but the court is unable to find how ’much of the road is on the location described in the contract and how much is of?; and as to the portion not on the location described in the contract, the company does not hold the same by said written contract. A jury was thereupon ordered.
It will be noted that the reply does not take issue upon the allegation of the answer that the contract price, $375.00, was received by the plaintiff, as and for right of way, after the construction of the road; nor is there anything in the evidence, all of which is set out in the bill of exceptions, to negative this averment. Indeed, the plaintiff, in his testimony, says that he received that money, and has kept it, and does not attempt to deny that it was so received by him after the road was constructed. It is further to be noted that the company had no occasion to desire ownership of or interest in any land other than that upon which its road-bed was constructed, and that this fact was known to the plaintiff. The inference follows, therefore, that when the consideration was paid by the company and received by the plaintiff, the land concerning which the parties were dealing was perfectly understood by both of them, as being the strip of land on which the road had been constructed, and that the plaintiff took the money-with the full knowledge that the purchaser was *275 paying it upon the under standing, that it was compensation for that precise land, and none other.
The question, therefore, is whether, in view of the circumstances, the plaintiff can now be heard to claim that the payment which he accepted and has kept, was in part for some other land, and to insist upon opening up the subject for the purpose of demanding further compensation? We think the question will be answerd by the application of well understood equitable principles.
The description given in the contract was indefinite. One of the recitals was that “ Whereas, the Columbus and Eastern Railroad Company may desire to locate its railroad through my lands and premises,” and the agreement following was to release to the company “a* strip of land sixty feet wide through my entire property on such route as said company has located it road. ’ ’ There was no attempt to describe the exact land. This indefiniteness of description, doubtless, was the principal difficulty which confronted the trial court in its efforts to ascertain what deviation had been made from the original line, and prevented that court from finding how much of the road is on the location described in the contract, and how much is off. The land actually occupied by the company in the construction of its road, and the action of the parties in regard thereto, therefore, became of prime importance in determining- what land the owner intended to part with and the company intended to buy.
If, at the time of constructing the road,'there was a deviation in some particulars, from the lines original^ made by the company’s engineer, it was optional with the plaintiff to affirm or disaffirm that change.
*276 He might object to it and refuse to take the money, or be might assent to it and accept the compensation. But could he adopt the part which was for his own benefit and reject the rest? It is said in Hermann on Estoppel, p. 1166, and following: “One entitled to a benefit under an instrument, must, if he claims the benefit of the instrument, abandon every right the assertion whereof would defeat, even partially, any of the provisions of that instrument.” “If a voidable contract, or other transaction, is voluntarily acted on with a knowledge of all the facts, in the hope that it may turn out to the advantage of a party who mig'ht have avoided it, he cannot avoid it when after abiding that event, it has turned out to his disadvantage.” And upon page 1167: “Where a party whose land is taken by a railroad company under the right of eminent domain, .and in whose favor damages are assessed and deposited to his credit, who knows of irregularities in the proceeding, and receives the money without objection, and sees the company construct its road over his land, cannot thereafter maintain any proceedings on account of such irregularities, as by accepting’ the damages he waives all right to object to the proceeding’s. He cannot have the money and litigate with the company as to their right to occupy the land.” The author cites to the last proposition. Burns v. Railroad, 9 WIs., 450: Town v. Town, 29. Ill.., 137, and Kile v. Town of Yellowhead, 80 Ill., 208, which appear to sustain the text.
In Bannon v. Angier 2 Allen, 128, which was an action in tort for obstructing a right of way over land of the defendant, the court, by Bigelow, C. J., declares that: ‘ ‘Where a right of way, or other easement, is granted by deed without fixed and *277 definite limits, the. practical location and use of such way or easement by the grantee under his deed, acquiesced in by the grantor at the time of the grant and for a long time subsequent thereto, operate as an assignment of the right, and are deemed to be that which was intended to be conveyed by the deed, and are the same, in legal effect, as if it had been fully described by the terms of the grant.” And the same learned- judge, speaking for the court in Jennison v. Walker, 11 Gray, 423, 'says: “Where an easement in land .is granted in general terms, without giving definite location and description to it, so that the part of the land over which the right is to be exercised cannot be definitely ascertained,-the grantee does not thereby acquire a right to use the servient estate without limitation as to the place or mode in which the easement is to be enjoyed. When the right granted has been once exercised in a fixed and definite course with the full acquiescence and consent of both parties, it cannot be changed at the pleasure of the grantee.” See, also, Onthank v. Railroad, 71 N. Y., 194. Coming to our own state we find the following in Railroad Co. v. Prentice, 13 Ohio St., 373, opinion by Sutliff, J.: “It certainly is not an unreasonable presumption, after proof of the fact that a road or canal had been surveyed and staked out, that when worked and in operation as a public thoroughfare, without any objection to the locus in quo, it should, if afterward questioned, be presumed to have been opened where surveyed and located.” And in Warner v. Railroad Co. 39 Ohio St., 70, the holding is: “Where the terms of a grant of a right of way are general and indefinite, its location and use by the grantee, acquiesced in by the grantor, will have the same legal effect as *278 if it had been fully described in the terms of the grant. ’ ’
The principles stated in. the above citations we believe to be applicable to the case at bar, and as conclusion we are of opinion that, by accepting the consideration money after the construction of the road, and acquiescence for six years in the occupancy and use by the company of the land on which its road was thus practically located, the plaintiff is estopped to now deny that such location is the true location, and demand additional compensatiou.
Upon the whole case, as shown by the record, the plaintiff was not entitled to recover.
The judgments below will, therrefore be reversed, and the action dismissed.