### ED. MOORE ET AL. v. CITY OF WACO ET AL.

#### No. 8425.

1. **Trust—Estate of Beneficiary.**—A deed from the husband recited that "he was largely indebted to his wife for money by him used, and which belonged to her, and desiring to repay her he executes the deed." The deed conveyed certain lands to her children *in trust for their mother*. In the habendum clause the estate is to be held "in trust for her and themselves forever." Suit by guardian of the beneficiary (she being non compos) against the city of Waco and against her children for land conveyed by the deed. *Held:*

1. The nature of the trust not having been prescribed in the deed, it is what

is known as a *simple or dry trust*, in which the beneficiary is entitled to the actual possession and enjoyment of the property, and to dispose of it, or to call upon the trustee to execute such conveyances of the legal estate as he directs.

2. The granting clause in the deed is not controlled by the habendum clause, and the deed conveyed the land in sole trust for the mother.

2. **Public Streets Held by Limitation.**—A city may hold land appropriated by it for public streets adversely to the owner. The ordinary uses of a public street should be regarded as such adverse possession. It seems, however, that in claiming under the statute of five years, payment of taxes should be proven by the city as in other cases.

APPEAL from McLennan. Tried below before Hon. L. W. GOODRICH.

*W. M. Flournoy* and *Herring & Kelley*, for appellants. — 1. The rule in Shelley's case does not apply. That rule had special reference to convey ance wherein the grantee took an estate for life, and wherein the word heirs was used, and to which word the rule applied a technical meaning, to the effect that it was a word of limitation, and not one of purchase. The conveyance in hand does not purport to create a life-estate with remainder over to the children, neither does it contain the word heirs, but names the children and wife as takers. Hancock v. Butler, 21 Texas, 804; 3 Jarm. on Wills, 5 Am. ed., 102, 103, note; Tied. on Real. Prop., secs. 37, 434; 2 Dev. on Deeds, sec. 846; Chrystie v. Phyfe, 19 N. Y. Ct. App., 353; Re Sanders, 4 Paige Ch., 296; Baker v. Scott, 62 Ill., 87.

2. The court erred in holding that Maria E. Woodward Wortham acquired only a life-estate under said deed. There is nothing in the face of the deed indicating that the grantor intended that the wife should have only a life-estate. Rev. Stats., art. 551.

3. The court erred in not holding that the deed created a joint estate in the wife and her children therein named, and that the property was to be held by the children in trust for their mother, who was insane, and for themselves. The ordinary rule, that the habendum does not vary or enlarge the tenendum, does not apply in this case. The evident intention of the grantor was to create an estate for the use and benefit of his wife and children, making the children, who were sane, trustees for the wife, who was insane. Had the estate not been joint, and if the children had been designed as naked trustees for the mother alone, certainly some power of discretion would have been given regulating the disposition of the property, and directing the action of the trustee. 2 Dev. on Deeds, secs. 837, 855, 860; Estate of Utz, 43 Cal., 204.

4. The court did not err in holding that the city could not plead the statute of limitation of five years to that portion of the land occupied by it as public streets. In the nature of things, there could be no such adverse or exclusive possession of a public street by the city as would form the basis of the statute of limitation.

*E. A. Kinney*, for appellees.—1. The instrument itself is its own exponent, and it declares its purpose to be to secure a debt due his wife. Therefore a security is the main purpose of its execution, and the methods adopted in said instrument to secure that end must be construed in the light of and for the purpose so expressed. A life-estate does not in any sense accomplish the end sought, such an estate not being convertible or valuable as a security, being in a monetary sense only valuable to the tenant for life. Hancock v. Butler, 21 Texas, 808; Bell County v. Alexander, 22 Texas, 352.

2. The court erred in vesting a life-estate in plaintiff by virtue of said instrument, because, having been executed to secure an existing debt, but failing to clothe the trustees with power to act, the title still remained in the trustees, subject to such debt, and the court should have empowered Eben R. Wortham, the surviving trustee, to close the trust, pay off the debt, and reconvey any remainder to the heirs of N. J. W. Wortham.

*J. R. Downs* and *J. F. Flint*, for city of Waco.—The agreed statement of facts show that the city of Waco has had peaceable and adverse possession of the land claimed by it in this suit, using and enjoying the same, under a deed duly registered, for more than five years preceding the filing of this action. The statute does not require the payment of taxes from a municipal corporation, and expressly excepts such cases from the requirement of the payment of taxes. Rev. Stats., arts. 36, 193. The exception referred to is expressed in the statute in the language, "and paying taxes thereon, if any." Richards v. Smith, 67 Texas, 610; 1 Am. and Eng. Encyc. of Law, title Adverse Possession; Bracken v. Jones, 63 Texas, 184; Galveston v. Menard, 23 Texas, 349; 30 N. Y. Ct. App., 1007; 120 N. Y., 309.

HENRY, ASSOCIATE JUSTICE.—This is an agreed case, and is stated as follows by the parties:

"This is an action of trespass to try title for the recovery of an acre of land in the city of Waco, brought by Ed. Moore, as guardian of Maria E. Woodward Wortham, who was for years prior to June 19, 1878, and still is, non compos mentis, and beyond the hope of recovery. The suit was brought in District Court of McLennan County on 29th of August, 1891, against the city of Waco, and against E. R. Wortham, who was one of the children of said Maria E. Woodward Wortham, and against the other appellees herein, who were the children of a deceased daughter and of a deceased son of said Maria E. Woodward Wortham. All the defendants plead ' not guilty,' and the city of Waco also pleads the statute of limitation of five years. The defendants E. R. Wortham and those claiming under the deceased daughter Ann Maria Montgomery also set up specially, that the deed hereinafter quoted, under the circumstances

surrounding the parties at the date of its execution, passed the whole title in the property to the children of said Maria, who were E. R. Wortham, N. J. Wortham, and Ann Maria Montgomery. The minor children of said Ann Maria Montgomery were represented herein by their guardian and father William F. Montgomery, who also appeared for himself. The minor children of N. J. Wortham, deceased, were represented herein by their guardian J. A. Leftwich, who had intermarried with the widow of said N. J. Wortham, deceased, who died in 1885. Said Leftwich and wife were also parties herein. There were other parties to the suit, but they were disposed of in such a way by the decree that their rights are not involved in this appeal, as all parties were satisfied therewith.

"Trial was had on December —, 1891, and judgment rendered in plaintiff's favor for an estate for life in said land, and that she recover said land as against the defendants who are appellees herein. The plaintiff and the city of Waco and E. R. Wortham and the minor children of N. J. Wortham, by their guardian and their mother Susan A. Leftwich, and all the children of Ann Maria Montgomery (the minors being represented by their guardian and their father W. F. Montgomery), gave notice of appeal, which in due course was duly perfected, and they have assigned errors. One of the questions invoked upon this appeal is the proper construction of the following deed, which was introduced in evidence:

" *The State of Texas, County of McLennan.*—Know all men by these presents, that I, N. J. W. Wortham, of the county of McLennan and State of Texas, for and in consideration that I am indebted to my wife Maria E. Woodward, now and for many years a non compos mentis, for whom I am curator and guardian by appointment of the proper court, in the parish of East Feliciana, State of Louisiana, the indebtedness being on account of property and money belonging to my said wife which I have appropriated to my own use and behoof, amounting to many thousand dollars, I have bargained, sold, and conveyed to Ann M. Montgomery (wife of William F. Montgomery), Eben R. Wortham, and N. J. Wortham, all of whom are children of the said Maria E. Woodward, in trust for said Maria E. Woodward, all the right, title, and interest which I have in and to the following described lands lying and being in the State of Texas, to-wit:

" 1. Fifty acres of land in Calhoun County, out of the Maximo Sanchez league, etc.

" 2. Wm. Graham 640 acres donation tract in Harris County, etc.

" 3. Isaac H. Bear one-third league in Falls County, etc.

" 4. Jno. Richardson one-third league in Bosque County, etc.

" 5.    *    *    *

" 6. One acre of land in the city of Waco, etc.

" 7. Francis W. Smith 320 acres tract, assignee of Jas. B. Cowen, in McLennan County, etc.

" 8. My interest in S. P. Wilson headright, in McLennan County, etc.

" 9. The lower half of C. B. Emmons one-fourth league in McLennan County, etc.

" Together with all and singular the rights, members, improvements, hereditaments, and appurtenances to the same belonging or in anywise incident or appertaining: To have and to hold all and singular the said premises unto the said Ann M. Montgomery (wife of Wm. F. Montgomery), Eben R. Wortham, and N. J. Wortham, her children, in trust for her and themselves forever. I bind myself to warrant and forever defend this against the claims of all others to the same in law or equity.

" Witness my hand and scrawl for seal, this 19th of June, A. D. 1878.

" N. J. W. WORTHAM.

" The deed was duly acknowledged same day, and was duly recorded in McLennan County, on June 22, 1878.

" The city of Waco holds that part of the land sued for covered by Seventh and Eighth Streets, shown in the map contained in the record, which property it holds under a deed from N. J. W. Wortham to the city, dated May 24, 1886, and recorded July 3, 1886. The streets have always been kept open and have never been enclosed by the city or otherwise occupied except as public streets of the city of Waco, and open for travel by the public generally, and have been improved, kept up, and maintained by the city as such open streets continuously since the date of its deed.

" Upon the trial the court sustained a demurrer to the city's plea of five years limitation, holding that the city could not plead the five years statute of limitation, because there could be no such adverse possession by the city of the property claimed by it as was sufficient basis for the running of the five years statute of limitation.

" The city by this appeal calls in question the correctness of this ruling.

" The court further held upon the trial, that the aforesaid deed from N. J. W. Wortham, dated June 19, 1878, was controlled by the rule in Shelley's case, and that it put a life-estate in Maria E. Woodward Wortham, with remainder over to the parties (her children) therein named and their heirs.

"Another question presented is, whether or not said deed put the whole estate in fee simple in said Maria E. Woodward Wortham, or whether she took a life-estate with remainder over to her children therein named, or whether the deed created and passed a joint estate to said Maria E. Woodward Wortham and her children therein named.

" The court further held that the property could not be partitioned dur-

ing the life of Maria E. Woodward Wortham, and the correctness of such holding is also invoked by this appeal."

We do not think that the proper decision of this cause is controlled or affected by the rule in Shelley's case.

The governing rule in the construction of written instruments is, "that every part of the instrument should be harmonized and given effect to if it can be done." Hancock v. Butler, 21 Texas, 806.

But this rule does not demand that every part of the deed shall be treated as of equal weight in the solution of every question that may arise. "The habendum may be entirely rejected if repugnant to the other clauses of the conveyance." Dev. on Deeds, sec. 213.

"A person who is not named in the premises as a grantee may take by way of remainder; but where the grant is to one person, the habendum can not be operative when it is to him and another to take as joint tenants in common." Id., sec. 219.

"If, however, there is a clear repugnance between the nature of the estate granted and that limited in the habendum, the latter yields to the former; but if they can be construed so as to stand together, by limiting the estate without contradicting the grant, the court always gives that construction in order to give effect to both.

"The test to be applied to an habendum in a deed is whether it can be construed so as to stand with the premises, or is so repugnant in its operation as to be irreconcilable with the latter. In the one case, it limits and explains the grant; in the other, it is rejected as of no effect." 3 Washb. on Real Prop., 469.

In the deed before us the trust in the granting clause of the deed is for the sole benefit of "Maria E. Woodward," the wife of the grantor, while in the habendum it is for her and "themselves," including also her children, who are mentioned as trustees.

The nature of the trust not having been prescribed in the deed, it is what is known as a "simple or dry trust," in which the cestui que trust is entitled to the actual possession and enjoyment of the property and to dispose of it, or to call upon the trustee to execute such conveyances of the legal estate as he directs. 2 Perry on Trusts, 56.

If the habendum could be given effect, it would convey the property to the wife and children named as tenants in common. The granting clause standing alone would convey the fee simple estate to the wife alone. Under the rules above quoted, we think that the deed must be treated as vesting such title in the wife.

We do not agree with the court below in its conclusion, "that the city could not plead the five years statute of limitation, because there could be no such adverse possession by the city of the property by it as was sufficient basis for the running of the five years statute of limitation."

We think that a city may hold property adversely to the owner for the

purposes of the statute of limitations, and that the ordinary uses of a street by authority of a town or city should be regarded as such possession. But to entitle it to acquire title by limitation, the city must show that the terms of the statute have been complied with in other particulars, including the record of its deed and the payment of State and county taxes. The agreed case does not show these facts were averred in the pleading to which the exception was sustained, and therefore it does not appear that an error was committed in overruling the plea.

It appears from the agreed case that the grantee was of unsound mind when the deed for her use was made, and that she has so remained ever since. The statute did not run against her. The deed under which the city claims was made by the husband after he had conveyed the property to the trustees, from all of which it appears that the city has not acquired title by limitation.

The judgment will be reversed and here rendered for the appellant Moore as guardian.

*Reversed and rendered.*

Delivered June 10, 1892.