**MOORE et al. v. PROCTOR et al.**

No. 2929.

Court of Civil Appeals of Texas. Waco.

Oct. 26, 1950.

Rehearing Denied Dec. 7, 1950.

Roy C. Coffee, R. D. Hardy, Dallas, for appellant.

Walter C. Clemons, Houston, for appellee.

TIREY, Justice.

This is a suit to construe a deed. F. C. Proctor, Jr., as administrator of the estate of Archibald E. Clark, deceased, brought the suit under the provisions of the Uniform Declaratory Judgment Act, Art. 2524—1, Vernon's Ann.Civ.Stats., and as a bill of interpleader against the heirs of Archibald E. Clark, deceased, to construe the warranty deed executed and delivered by R. P. Carr and his wife, Elizabeth Ann Carr (formerly the widow of Archibald E. Clark, deceased, and his second wife) to Thomas Hines Clark, said deed bearing date February 19, 1870, and in particular to have the court determine the question of whether or not the interest of Elizabeth Ann Carr in and to what is referred to in the record as the "Clark Cattle Claim" passed by said deed. The administrator also sought to have the court determine the conflicting interests of said heirs in and to the monies paid and to be paid to the administrator for and in respect of said claim under an award which was made by the American-Mexican Claims Commission in December, 1946. The trial court (nonjury) held that the Clark Cattle Claim passed under the deed and it fixed the proportions which the heirs of Archibald E. Clark, deceased, were entitled to receive in the monies in the hands of the administrator as well as such further monies as the administrator may receive in the future on the award and rendered judgment accordingly. Mable Clark Moore and certain other defendants claiming through the second wife excepted to said judgment and seasonably perfected their appeal. The cause was transferred to this court from the San Antonio Court of Civil Appeals by order of the Supreme Court. There was no request for findings of fact and conclusions of law and none were filed.

Appellants' first point assails the judgment of the trial court in holding that the interest of Elizabeth Ann Carr in and to the Clark Cattle Claim against the Mexican Government was included in the deed from Mrs. Carr and her husband to Thomas Hines Clark; the second point assails the judgment because it awarded to the heirs of Thomas Hines Clark $\frac{9}{12}$ths of the proportion of the sums now in the possession of the administrator, less the costs of administration, together with all other funds which might be received by him as such administrator. Point 1 presents the major question on this appeal and determines the disposition to be made of Point 2 and the other points urged by appellants. A comprehensive statement is necessary.

It was stipulated in substance: That Archibald E. Clark died testate in Victoria County, Texas in September, 1865, leaving surviving him his second wife, Elizabeth Ann Clark (later the wife of R. P. Carr) and three minor children, William E. Clark, George W. Clark and Price E. Clark, issue of the second marriage; that by his first wife he left two sons, Thomas Hines Clark and Alex L. Clark; that he never adopted any child or children; that the first wife, Ann Froman Clark, died intestate in July, 1851; (one of the exhibits recites the date of the second marriage to have been November 23, 1854); that his will was admitted to probate in Victoria County in November, 1865, and by its terms all of his property except what lawfully belonged to his second wife (that is, her one-half community interest and with the exception of the property specifically given to his wife in the will) was divided into six equal shares and one share was devised and bequeathed to his surviving wife and one share to each of his five sons and upon the

probate of said will vested title accordingly; that on December 18, 1946, letters of administration on the estate of said Clark were granted to F. C. Proctor, Jr., by the County Court of Victoria County for the purpose of permitting the administrator to receive the monies due said deceased from the Federal Government; that Proctor, the plaintiff in this suit, is the qualified and acting administrator of such estate; that on December 9, 1946, the American-Mexican Claims Commission made an award to such estate for the sum of $113,205.75, and the administrator has collected the sum of $63,344.27 of such award; that Elizabeth Ann Carr and William E. Clark, George W. Clark and Price E. Clark each died intestate and no administration was ever had upon the estate of any of them.

During the second marriage Archibald E. Clark and his wife acquired a sizeable community estate consisting principally of land and cattle in Victoria and Nueces counties and it is agreed that the subject matter of this law suit was a part of the community estate of Archibald E. Clark and his second wife. His wife was appointed executrix under said will and served in such capacity until about 1867, when she refused to give new bond. Thomas Hines Clark was then appointed and qualified as administrator de bonis non with will annexed. Thomas Hines Clark served as administrator from February, 1868 until the administration was closed in January, 1871. On February 19, 1870, Mrs. Carr, the second wife, joined by her then husband, R. P. Carr, for a valuable consideration, executed and delivered a warranty deed to Thomas Hines Clark, and we quote the pertinent provisions thereof.

"That we, Robert P. Carr, and Elizabeth A. Carr, his wife, residents of said county & state, for and in consideration of the sum of six thousand dollars in specie, one half of which amount is paid to us by T. H. Clark before the signing, sealing and delivery of this deed of conveyance, and the receipt whereof is hereby acknowledged, and the other half of which is secured by a promissory note in writing drawn by T. H. Clark in favor of R. P. Carr & E. A. Carr, drawing ten per cent interest from date and bearing even —— with this deed of conveyance and payable on the first day of January, A.D.1871, provided at that time a judgment for the sum of two thousand four hundred and sixty three 85/100 dollars, obtained September 26th, 1868 in the District Court of Victoria County in favor of Mary F. Jones vs. R. P. Carr, E. A. Carr and T. H. Clark, with interest at ten per cent and a note drawn by E. A. Clark and T. H. Clark in favor of Mary F. Jones for the sum of one thousand dollars with interest at ten per cent, shall be paid or settled by said R. P. Carr and E. A. Carr, have this day granted, bargained, sold, aliened and conveyed, and by these presents do alien, bargain, sell and convey unto the said T. H. Clark, all our right, title, interest and claim, either in law or equity in possession or expectancy in and to the estate of Archibald E. Clark, deceased, consisting of a stock of horses & cattle branded A. C. and a stock of horses and cattle branded WE, ranging between the Guadalupe and Rio Grande rivers; also that certain real property known as Clark's Ranch, situated in Nueces County, on the Palsmillo Lake, and consisting of two thousand one hundred & thirty-six acres of land. Said land being originally granted to James Meyers by patent from the State of Texas, and by last will of James Meyers, Lucian Meyers & by said Lucian Meyers to Charles Worthington & by said Worthington conveyed to Archibald E. Clark and recorded Aug. 4th, 1859 in Book G, Folio 373/375 (then follows description of real estate), also a judgment for the sum of twelve thousand nine hundred & sixty-one & 66/100 dollars obtained September 23rd, 1868 in the District Court of Victoria County, in favor of Quincy Davidson, admr. of J. O. Wheeler & T. H. Clark with interest at 10% which judgment has been paid by administrator of A. E. Clark's estate.

"1st. It is understood and intended by this deed to convey all the right, title, interest and claim to the property of Archibald E. Clark's estate, and described above, which E. A. Carr, formerly E. A. Clark, now wife of R. P. Carr, acquired to the said property of said estate as a legatee under the will of A. E. Clark, deceased.

"2nd. It is understood and intended by this deed also to convey all the right, title, interest and claim to the property of the estate of Archibald E. Clark, deceased, which the said E. A. Carr may have had, or might have asserted to said property as her community share of said property under the marital laws of the state, independent of the will of A. E. Clark, deceased.

"3rd. It is understood that the words 'except what lawfully belongs to my wife' used in the will of A. E. Clark in reference to his then wife, now E. A. Carr, referred to his wife's community interest in the property of said estate and by this conveyance we convey all our right & title to said interest.

"4th. It is understood and intended by this conveyance to forever conclude & estop said R. P. Carr & E. A. Carr from asserting any claim or title to any of the aforesaid property either as a legatee under the will or as a community interest in said property or in any other way or manner.

"It is understood that we except from the operation of this conveyance thirty head of milch stock branded WE and using around the farm of R. P. Carr & E. A. Carr, in Victoria County, & said farm with appurtenances being also excepted. We hereby irrevocably authorize & empower T. H. Clark to do and perform all those acts which we could have done and performed, and which may be necessary to secure the interest & title conveyed and to reduce the same to his possession, and to preserve and protect the same.

"To have and to hold all and singular the property above described and conveyed unto the said T. H. Clark, his heirs & assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators, to warrant & forever defend all & singular the aforesaid described & conveyed property unto the said T. H. Clark, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The record further shows that letters issued to Mrs. Elizabeth Ann Clark on December 9, 1865; that on January 18, 1866 she filed petition for guardianship of the three minor children; that on December 18, 1867, Thomas Hines Clark filed petition for letters of administration with the will annexed of the estate of Archibald E. Clark, deceased, and that he was duly appointed administrator of said estate at the December term of court in 1867; that Thomas Hines Clark, on January 20, 1871, filed his motion for prayer and final discharge, with exhibits and proofs of delivery of the estate, to the legatees under the will of Archibald E. Clark. One of the exhibits attached to this final account was the deed from the second wife and her husband heretofore set out. The order discharging Thomas Hines Clark as administrator de bonis non with the will annexed of the estate of Archibald E. Clark was dated January 28, 1871.

Evidence was tendered to the effect that the original cattle claim was filed with the Robb Commission in 1873; "the petition shows that it was filed by an attorney representing Thomas Hines Clark and the three minor brothers, three minor half-brothers; Q. Did it purport to represent Elizabeth A. Clark or the second wife of Archibald E. Clark? A. Her name does not appear in the petition."

Evidence was further tendered to the effect that the heirs of Thomas Hines Clark did not set up that they were entitled to $\frac{9}{12}$ths of the award by virtue of the deed in question until some time in 1935; that subsequent thereto the appellants here filed affidavits setting up their respective claims in which they in effect claim that the deed did not pass the interest of the second wife in the cattle claim.

Since the Mexican Claims Commission, acting under the Act of 1942, took jurisdiction of this claim and made an award to the estate of Archibald E. Clark, deceased, the first question here for our determination is: Did the deed of February 19, 1870, executed and delivered by Elizabeth Ann Carr and her husband, R. P. Carr, to Thomas Hines Clark convey and set over all of the interest of Elizabeth Ann Carr in said cattle claim to Thomas Hines Clark? We think it did.

It was the duty of the trial court to construe such deed and in so doing he was bound by the rules of construction heretofore announced by our Supreme Court. "The governing rule in the construction of written instruments is 'that every part of the instrument should be harmonized and given effect to if it can be done'. Hancock v. Butler, 21 Tex. [804] 806. But this rule does not demand that every part of the deed shall be treated as of equal weight in the solution of every question that may arise. 'The habendum may be entirely rejected if repugnant to the other clauses of the conveyance.' Devl. Deeds, § 213." Moore v. City of Waco, 85 Tex. 206, 20 S.W. 61, 63. "The language of a deed is the language of the grantor, and, if there be a doubt as to its construction, it should be resolved against him." Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551, 552. "The dominant purpose in construing a deed is to ascertain the intention of the parties as expressed in the deed itself; and such intention expressed therein is a controlling factor." Bumpass v. Bond, 131 Tex. 266, 114 S.W.2d 1172, 1174, pars. 2 and 3, and cases there cited.

Considering the deed in its entirety and the evidence tendered, and applying the foregoing rules to the construction of the deed, it is clear to us that Mrs. Carr and her husband intended to convey, transfer and set over all of the right, title and interest that she had in the estate of her former husband both by virtue of being his community survivor and a legatee under his will to the grantee named in said deed, and that such deed passed her title to the cattle claim.

But appellants contend that "the language of the granting clause in the deed in the case here of the properties conveyed by it as all the grantors' 'right, title, interest and claim, either in law or equity, in possession or expectancy in and to the estate of Archibald E. Clark, deceased', is a description which is general in all respects, and it is followed immediately by a particular description in which the properties conveyed by the deed, and which were intended to be conveyed by it, are particularly and specifically described. Said description * * *

is not defective, imperfect or doubtful as to the properties which were conveyed, or which were intended to be conveyed, by said deed; but it is a complete and particular description from which it can be readily ascertained what properties were intended to be conveyed by said deed. The two stocks of horses and cattle were described by the brands with which they were branded; the land was specifically described by giving the chain of title, with a reference to the deed under which Archibald E. Clark acquired the land, together with its date and the volume and page or folio numbers of the deed records in which such deed was recorded; and such description, which is a specific and particular description, and about which there can be no controversy as to what properties were included and conveyed, will control over the preceding general description."

Appellants further contend that said deed "except for a judgment therein referred to, and which is not in question here, was plainly intended to convey no other properties than the two stocks of horses and cattle, and the land, which were particularly described in the particular description contained in the deed; and said deed cannot be construed as embracing said cattle claim since the cattle claim was not named, listed, described or referred to therein in any way or in any manner as being any part of the properties which the parties conveyed, or intended, to convey."

They further contend in effect that the recitations in the deed could not have the effect of enlarging the grant so as to include the cattle claim in question for the reason that there would be a repugnancy between the particular description and the recitals which they contain are in the nature of a general description. They say further that the recitals cannot be given the effect of enlarging the scope of the deed by a construction to include the cattle claim because the granting clause particularly describes the properties which are conveyed, and that the "habendum clause pertains to 'the property above described and conveyed,' and the warranty clause binds the grantors, their heirs, executors and administrators, to warrant and forever defend

all and singular 'the aforesaid described and conveyed property,' and it is general in all respects. The unmistakable import of these operative parts of the deed is to show that the parties intended to convey only the properties which were particularly described in it, and that if the recitals are relied upon to enlarge the scope of the deed to include the cattle claim it will create a conflict between the operative parts of the deed and the recitals."

Appellants then say: "Our conclusion that the interest of Mrs. Elizabeth A. (Clark) Carr in said cattle claim was not included in the deed from R. P. Carr and wife to T. H. Clark is not affected by the recitals in the deed. All the recitals except the third point to the properties which were particularly described above them in the deed. The words 'described above' in the first recital, and 'said property' and 'the aforesaid property' in the second and fourth recitals, respectively, all point, and unerringly so, to the properties particularly described above the recitals, and they cannot be given the effect of enlarging the scope of the deed and thus including other property not included in the particular description."

We cannot agree with any of appellants' contentions in this behalf. We think such contentions are in irreconcilable conflict with the second recital in the deed, which provides: "It is understood and intended by this deed also to convey all the right, title, interest and claim to the property of the estate of Archibald E. Clark, deceased, which the said E. A. Carr may have had, or might have asserted to said property as her community share of said property under the marital laws of the state, independent of the will of A. E. Clark, deceased."

Moreover, following the fourth recital in the deed we find the following provision: "It is understood that we except from the operation of this conveyance thirty head of milch stock branded WE and using around the farm of R. P. Carr & E. A. Carr, in Victoria County, & said farm with appurtenances being also excepted. We hereby irrevocably authorize & empower T. H. Clark to do and perform all those acts which we could have done and performed and which may be necessary to secure the interest & title conveyed and to reduce the same to his possession, and to preserve and protect the same." The foregoing paragraph provides for the one and only exception of the property belonging to the estate not passed by the deed and it specifically describes such property. The last part of the foregoing paragraph authorizes the grantee to do and perform all of those acts which the grantors could have done and performed and which the grantee may find necessary to secure the interest and title conveyed and to reduce the same to his possession and to preserve and protect the same. When this paragraph is considered with the deed in its entirety and particularly with the granting clause in the deed which provides that the grantors have sold and conveyed to T. H. Clark "all of our right, title, interest and claim, either in law or equity in possession or expectancy in and to the estate of Arhcibald E. Clark, deceased, * * *", we think that it has great significance in showing what the exact intention was in the minds of the grantors. Nor do we find such paragraph in conflict or inconsistent with any of the recitals set out in the deed.

Our view is that the decisions on which appellants rely are not applicable and controlling to the factual situation presented. They rely upon Cullers v. Platt, 81 Tex. 258, 16 S.W. 1003; Germany v. Turner, 132 Tex. 491, 123 S.W.2d 874; Reese v. Granau, Tex.Civ.App., 27 S.W.2d 591; Windsor v. Loyd, Tex.Civ.App., 191 S.W.2d 521; and Hoffmann v. Chapman, Tex.Civ.App., 170 S.W.2d 496. We have carefully reviewed each of the foregoing cases. We do not believe it would serve any useful purpose to discuss them and it would unduly extend this opinion for us to do so. We do think that the cases we have previously cited are controlling and applicable here. Moreover, the opinion of our Supreme Court in Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442, answers adversely each of appellants' contentions. These general rules are there clearly stated and a restatement here would be of no avail. See also Gravis v. Rogers, Tex.Civ.App.,

214 S.W.2d 886, writ ref. n. r. e. See also 14 Tex.Jur. sec. 247, p. 1040.

██ Under the factual situation here presented we cannot read this deed without believing that the grantors intended to part with all of the right, title and interest Mrs. Carr had in the estate of Archibald E. Clark, deceased, but for the one exception therein stated, by reason of being his surviving wife and a legatee under his will. We see nothing in the recitals that are inconsistent with the provisions in the granting clause of the deed wherein the grantors state that they "bargain, sell and convey unto the said T. H. Clark all our right, title, interest and claim, either in law or equity, in possession or exceptancy, in and to the estate of Archibald E. Clark, deceased, * * *." Moreover, the fourth recital in the deed provides: "It is understood and intended by this conveyance to forever conclude and estop said R. P. Carr and E. A. Carr from asserting any claim or title to any of the aforesaid property either as a legatee under the will or as a community interest in said property or in any other way or manner." It seems to us that this language is quite comprehensive and inclusive and we think it is entirely consistent with the expression in the granting clause of the deed hereinbefore quoted. In the case of Curdy v. Stafford, supra, our Supreme Court held in effect that a deed may pass title of grantor to grantee by estoppel, if not as a direct conveyance.

Since it is our view that it was the intention of Mrs. Carr and her husband to part with all of the right, title and interest that they had in and to the estate of Archibald E. Clark (with the exception stated in the deed), and that such intention passed title to the cattle claim in question to Thomas Hines Clark, appellants' points Nos. 1 and 2 are overruled.

Because of the views heretofore expressed, it becomes unnecessary to discuss appellants' points 3, 4, 5 and 6 and they are overruled.

It follows that the judgment of the trial court is affirmed.