Henry G. KOTHE et al., Appellants,

v.

HARRIS COUNTY FLOOD CONTROL
DISTRICT, Appellee.

No. 13134.

Court of Civil Appeals of Texas.

Houston.

Oct. 24, 1957.

Rehearing Denied Nov. 14, 1957.

John A. Black, Jr., Houston, for appellants.

Joe Resweber, County Atty., and W. R. Ellis, Asst. Co. Atty., Houston, for appellee.

WERLEIN, Justice.

This is a suit in trespass-to-try-title and for an injunction and damages brought by

Henry G. Kothe, Nelson Schwartz, LeRoy B. Eddy, J. K. Deason, Glenn F. Fletcher, and Ross Camperi, against Harris County Flood Control District. Defendant filed a plea of general denial and not guilty, and also filed a cross-action setting out its claimed easement, and alleging its powers of eminent domain as provided in Article 8280–120, Sec. 10 and Articles 3264–3271, inclusive, of Vernon's Ann.Civ.St.

The case was submitted for determination by the trial court on the following stipulation:

"That the following named parties are now except for the rights and interest set out below in Paragraph 2, the true and lawful owners of the following described Lots, the number of which said lot respectively owned by each said party is set opposite the name of each said owner, said lots being lots in Willow Creek Estates, Section 1, an addition in Harris County, Texas, according to Replat of said addition recorded in Volume 17, Page 67 of the Map Records of Harris County, Texas, to-wit:

| | |
|---|---|
| Ross Camperi | Lot No. 20 |
| Glenn F. Fletcher and wife, Mattie O. Fletcher | Lot No. 21 |
| J. K. Deason and wife, ————— Deason | Lot No. 22 |
| Henry G. Kothe and wife, Beverly A. Kothe | Lot No. 23 |
| LeRoy B. Eddy and wife, Mildred Eddy | Lot No. 24 |
| Nelson E. Schwartz and wife, Viola Schwartz | Lot No. 25, less the West 60 ft. thereof; |

subject, however, to the following, to-wit:

"1. Any and all liens which may exist against said Lots to secure the payment of indebtedness incurred by or assumed by the said owners respectively;

"2. Any rights which the County of Harris, Texas, or the Harris County Flood Control District may have acquired by any instrument or condemnation proceedings of record prior to the acquisition of title by the respective owners or by any instrument or condemnation proceeding executed or had subsequent to the acquisition of title by said owners respectively and to which the said owners were respectively parties.

"It is further stipulated by and between the respective parties that the sole question involved herein is a question of law and is the determination by declaratory Judgment as to whether the instrument executed by Joseph F. Meyer, Jr., et al. to Harris County, Texas, recorded in Volume 1009 at Page 446 of the Deed Records of Harris County, Texas, attached hereto as Exhibit 'A' (all rights thereunder being subsequently quit-claimed to Harris County Flood Control District by Commissioners Court Order dated November 3, 1955) grants an unconditional perpetual easement or a Restricted Perpetual easement?

"It is further stipulated and agreed by all parties that such instrument (Exhibit 'A') describes all property lying between the North line of that certain 15 foot strip across the northern portion of said lots now in condemnation and the centerline of Willow Water Hole Bayou generally agreed to be and concern a 35 foot strip of land, as

shown by a map of such area attached hereto as Exhibit 'B', which all parties agree and stipulate is substantially accurate and represents the area; and all parties further agree that such map may be considered as part of this stipulation without further proof.

"It is further stipulated and agreed that the shaded area as shown on Lots 20 through 25 is a strip of land 15 foot in width and is the subject property in condemnation proceedings in the County Court at Law of Harris County, Texas, in Consolidated Cause No. 78,738, and adjoins on the immediate south, the 35 foot strip of land, lying between the centerline of the bayou and the 15 foot in condemnation and is the property now before the Court described in the deed from Meyer to Harris County, Texas.

"It is further stipulated and agreed that in the event this Court holds the instrument above referred to as Exhibit 'A' did not convey an unconditional perpetual easement to the land between the North line of said 15 foot strip of land above described and the center line of said Willow Water Hole Bayou; then, in that event, the Harris County Flood District will amend the condemnation pleadings, without objections from Plaintiffs herein to condemn a 50 foot strip instead of a 15 foot strip across the north end of said property.

"But, in the event this Court finds such instrument (Exhibit 'A') conveys an unconditional perpetual easement to Harris County to the land here in controversy; then, in that event, Plaintiffs herein will take nothing by this action and a declaratory Judgment to that effect shall be entered and the condemnation action above referred to will continue to concern only the 15 foot strip described in said condemnation suits.

"It is further agreed and stipulated by all parties that in the event any party is dissatisfied with the judgment of the Court such party retains all his rights of appeal."

Upon the foregoing stipulation, the trial judge entered judgment as a matter of law for the defendant, decreeing and declaring that a perpetual easement for drainage purposes was vested in the defendant, Harris County Flood Control District, to a full 35 feet on each side of the center line of Willow Water Hole Bayou. The court further decreed that plaintiffs be divested of any rights, titles, interests or claims interfering with defendant's full use and enjoyment of such perpetual easement, and that plaintiffs take nothing by their suit, and that the defendant go hence without day with its costs.

■ The plaintiffs seasonably perfected their appeal and the case is now properly before this Court for review. The sole question here, as was the case in the District Court, is whether the deed from Joseph F. Meyer, Jr., et al., to Harris County, Texas, known as Exhibit "A", conveyed an unconditional perpetual easement to the land between the north line of the 15 foot strip of land described in the stipulation and the center line of said Willow Water Hole Bayou, or whether such deed conveyed a restricted perpetual easement to Harris County.

The answer to this question lies in the proper interpretation of the deed from Joseph F. Meyer, Jr., et al., to Harris County, dated March 23, 1936, and particularly of the language used in the following parts thereof:

1. The consideration as recited in the first paragraph of the deed as follows:

"For and in consideration of the sum of ten dollars ($10.00) cash to said Grantors in hand paid by Harris County a duly organized County of the State of Texas, the receipt whereof is hereby acknowledged and confessed, and the further consideration of the agreement on the part of said County to

deepen, widen, straighten and grub Willow Water Hole Bayou, or to cause or to procure the deepening, widening, straightening and grubbing of said Willow Water Hole Bayou, all to be done in accordance with the plans and specifications for such work now on file with Charles R. Raile, County Engineer of Harris County, Texas, and here referred to for certainty, and in consideration of the benefits to accrue to the parties Grantor herein by reason of the drainage of their lands adjacent to said Willow Water Hole Bayou, in the vicinity of the right-of-way hereinafter described, to result from such widening, deepening, straightening and grubbing of said Willow Water Hole Bayou * * *."

2. The granting clause, reading:

" * * * have bargained, sold and conveyed, and by these presents do bargain, sell and convey unto said Harris County a perpetual easement and right-of-way in, upon and over the following described tract of land in Harris County, Texas, to-wit: * * *"; and,

3. The habendum clause in said deed, reading:

"To have and to hold the same unto said Harris County to be used by said County as a drainage channel, together with the right of ingress and egress at all times to and from said hereinbefore described tract of land, for the purpose of opening, deepening, widening, straightening, and grubbing said Willow Water Hole Bayou, in accordance with said plans and specifications, and for the purpose of maintaining the same thereafter as a drainage channel, and doing any and all acts and things necessary for its maintenance as such."

In determining the issue involved herein, consideration must be given to certain general rules of construction applicable to deeds, easements and other written instruments. The intention of the parties is of primary importance. As stated in Texas Jurisprudence, Vol. 14–B, at page 584, paragraph 135: "In order to ascertain the intention of the parties, all of the provisions of the deed in controversy are considered; and every part of the deed is given effect where this can be done." Quoting further from this authority: "The intention is not gotten from an isolated clause or paragraph, but gathered from a fair construction of the entire instrument. Each clause or paragraph must be construed with reference to every other paragraph, and the effect of one paragraph upon the other determined."

In Woods v. Sims, Tex., 273 S.W.2d 617, 620, in construing a deed, the court stated:

"There being no allegation of fraud, accident or mistake and no attempt by the parties to reform the mineral deeds, the court will give effect to the intention of the parties as expressed by the terms and provisions of the instruments. Generally the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement, and this purpose should not be thwarted except in the plainest case of necessary repugnance. Even where different parts of the instrument appear to be contradictory and inconsistent with each other, the court will, if possible, harmonize the parts and construe the instrument in such way that all parts may stand and will not strike down any portion unless there is some irreconcilable conflict, wherein one part of the instrument destroys in effect another part. Associated Oil Co. v. Hart, Tex.Com. App., 277 S.W. 1043; Benge v. Scharbauer, [152 Tex. 447], 259 S.W.2d 166, and cases cited therein."

This rule has been applied many times. In Dallas Joint Stock Land Bank of Dallas v. Harrison, 138 Tex. 84, 156 S.W.2d 963, 967, the court had this to say:

"This court has repeatedly held that the dominant purpose in construing a

deed is to ascertain the intention of the parties as expressed in the deed itself, and such intention expressed therein is a controlling factor. It is a rule that the intention of the parties must be gathered from the entire instrument, and not from some isolated clause or paragraph. Bumpass v. Bond, 131 Tex. 266, 114 S.W.2d 1172; Totton v. Smith, 131 Tex. 219, 113 S.W.2d 517; 14 Tex. Jur., p. 919 et seq., § 140 et seq.

"In the case of Berry v. Spivey, 44 Tex.Civ.App. 18, 97 S.W. 511, the rule was clearly stated in the following language: 'The intention of the grantor may be expressed in the habendum clause, or anywhere else in the instrument, and when it may be ascertained from the instrument it should be given effect, without regard to technical rules of construction.'"

In Shugart v. Shugart, Tex.Com.App., 248 S.W. 328, 331, the court stated:

"The courts always give effect to every part of a deed, if it is possible, consistent with the rules of law. The rule of law is that a deed must be construed, if possible, so that no part shall be rejected. If this cannot be done they then examine and see if there is enough of the consistent and intelligible portions of the same to give effect to the intention of the parties; and, if so, they reject what is repugnant to the general intention of the deed, or to any particular intention of the party."

▮ In this case the plans and specifications referred to in the deed were not introduced in evidence, and this Court has no means of knowing what they provided. These plans and specifications, however, whatever they might be, were incorporated by reference into the deed from Joseph F. Meyer, Jr., et al., to the County of Harris, in the first paragraph thereof, where it is recited that a part of the consideration for the deed was the agreement on the part of the County to deepen, widen, straighten and grub Willow Water Hole Bayou in accordance with the plans and specifications for such work on file with Charles R. Haile, County Engineer of Harris County, Texas, which plans and specifications were referred to "for certainty." The plans and specifications were on file with a county officer and were, therefore, open to inspection as public documents. The reference to them was sufficiently definite for them to be read into the deed in question.

In the same paragraph it is stated that the deed was also executed "in consideration of the benefits to accrue to the parties grantor by reason of the drainage of their lands resulting from *such* widening, deepening, straightening and grubbing of said Willow Water Hole Bayou." (Emphasis ours.) The word "such" as used here can only refer to the widening, etc., in accordance with said plans and specifications.

The granting clause of the deed merely grants a perpetual easement and right-of-way 70 feet wide in, upon, and over certain tracts of land, the center line of such 70 foot strip being the center line of Willow Water Hole Bayou.

The habendum provision, "To have and to hold the same unto said Harris County to be used by said County as a drainage channel" is followed by this significant language: "together with the right of ingress and egress at all times to and from said hereinbefore described tract of land, for the purpose of opening, deepening, widening, straightening and grubbing said Willow Water Hole Bayou, *in accordance with said plans and specifications,* and for the purpose of maintaining the same thereafter as a drainage channel, and doing any and all acts and things necessary for its maintenance as such." (Emphasis ours.)

"Contracts must be construed and given effect with reference to the intention of the parties at the time of entering into the contract * * *." 17 C.J.S. Contracts § 295, p. 694; Dallas Hotel Co. v. McCue,

Tex.Civ.App., 25 S.W.2d 902, no writ history.

It would seem reasonable that the repeated reference to the plans and specifications on file with the county engineer would not have been inserted in the deed if it had not been the intention of the parties at the time the deed was executed in 1936 that the drainage ditch in question was to be constructed and maintained in accordance with such plans and specifications.

■ It is well stated in Am.Jur., Vol. 17–A, Sec. 115: "A person granting an easement may limit the grant in any way he chooses, and the grantee takes subject to the restrictions imposed." Where an easement exists by express grant, as in this case, its use must be confined to the terms and purposes of the grant. 28 C.J.S., Easements, § 87, p. 765.

The rules of construction applicable to deeds and to easements are generally the same. The court stated, however, in the case of Magnolia Petroleum Co. v. Thompson, 8 Cir., 106 F.2d 217, 224, certiorari denied 308 U.S. 613, 60 S.Ct. 180, 84 L.Ed. 513:

"Words, therefore, which, if used in a deed granting a fee, may be regarded as surplusage, if used in a deed granting an easement, may constitute the essential description of the thing intended to be conveyed."

■ Surely the repeated reference to the plans and specifications in question can't be regarded as mere meaningless surplusage. While it is true that if there is an irreconcilable conflict between the granting clause of a deed and the habendum, the granting clause will prevail, it is equally true that if the two can be construed so as to stand together, by limiting the estate without contradicting the grant, the court will give that construction in order to give effect to both. Moore v. City of Waco, 85 Tex. 206, 20 S.W. 61; Lectures on Real Estate, by Judge Yancy Lewis, p. 161. In

the instant case although the granting clause is in general unrestricted terms, the habendum very clearly defines the use to be made of the property, and limits the right of ingress and egress at all times to work done in accordance with said plans and specifications. There is nothing repugnant here between the granting clause and the habendum. The strip of land is to be used for drainage purposes, but the work done thereon was in the first instance and at all times thereafter to be performed in accordance with the plans and specifications specifically referred to in the instrument.

■ Appellee asserts that the reference to the plans and specifications applies to only the initial work of construction, and quotes the following language from the habendum: "for the purpose of opening, deepening, widening, straightening and grubbing said Willow Water Hole Bayou in accordance with said plans and specifications, and for the purpose of maintaining the same thereafter as a drainage channel, and doing any and all acts and things necessary for its maintenance as such." Appellee contends that after the initial construction the property is to be used as a drainage channel and that the grantee can do any and all acts and things necessary for its maintenance as such. Of course, the whole purpose of the easement was to provide for a drainage channel. We see no contradiction between the provision in the habendum "together with the right of ingress and egress at all times to and from said hereinbefore described tract of land, for the purpose of opening, deepening, widening, straightening and grubbing said Willow Water Hole Bayou, in accordance with said plans and specifications * * *" and the provision "* * * and doing any and all acts and things necessary for its maintenance as such." The last clause is general and not specific. It was held in Reynolds v. McMan Oil & Gas Co., 11 S.W.2d 778, at page 782, by the Texas Commission of Appeals, 1928, that, "The principle that specific language of an instrument will control general terms is well known, and is at the very founda-

tion of the rule allowing exceptions and reservations." 17 C.J.S., § 313.

We find no conflict between said clauses, but if there were a conflict, as contended by appellee, then the specific language would control the more general terms. Moreover, as held in Osburn v. Smart, Tex. Civ.App., Fort Worth, 58 S.W.2d 1073, at page 1078 (error dismissed): "If there is an irreconcilable conflict between clauses of the contract, by reason of which the meaning is obscured or rendered doubtful, the expression in the clause first appearing will control. 10 Tex.Jurisprudence, page 311, Sec. 179, and cases there cited."

The clause "doing any and all acts and things necessary for its maintenance as such." is not repugnant to the provision requiring that the work be done in accordance with the plans and specifications. We think the true meaning is that the grantee may do any and all acts and things necessary in maintaining the drainage channel in accordance with said plans and specifications which limit the opening, deepening, widening, straightening and grubbing of said Willow Water Hole Bayou. We are of the opinion that the provisions of the deed in question can be harmonized without destroying any of them, and that the references to the plans and specifications are applicable to both the initial work and to any work thereafter, and cannot be written out of the instrument without disregarding the intention of the parties who executed the deed and who undoubtedly had their reasons for insisting that not only the initial work be done in accordance with the plans and specifications on file but that any future work for which they gave ingress and egress to the property should also be in accordance with said plans and specifications. Robison v. Murrell, Tex. Civ.App., 184 S.W.2d 529, error refused.

We have concluded, therefore, and so declare, that under the deed from Joseph F. Meyer, Jr., et al., to Harris County, the County and its successor, the appellee, acquired only a restricted perpetual easement to the strip of land in question.

The judgment of the trial court is reversed and judgment is rendered for the appellants.