**COASTAL STATES CRUDE GATHERING COMPANY, Appellant,**

v.

**L. W. CUMMINGS et al., Appellees.**

**No. 4609.**

Court of Civil Appeals of Texas.

Waco.

May 4, 1967.

Rehearing Denied May 25, 1967.

W. T. Blackburn, Bernard W. Schrader, Corpus Christi, Pollan & Nicholson, Elbert V. Pollan, Rosenberg, for appellant.

Sidney J. Brown, Rosenberg, M. A. Lehmann, Houston, for appellees.

## OPINION

TIREY, Justice.

This is an appeal from a summary judgment. The Coastal States Crude Gathering Company, appellant here, brought this action against defendant, L. W. Cummings, and others, the landowners, on the ground that they had the right to construct two additional pipelines across certain lands belonging to the defendants under two pipeline right-of-way agreements. Pipeline easements were both originally executed by the defendants' predecessors in title on November 10, 1920, and were duly filed for record in the Deed Records of Fort Bend County during the month of November, 1920. Sinclair Pipe Line Company, appellant's predecessor in title, constructed an 8-inch pipeline across the property during the year 1921. By mesne conveyances, appellant acquired the pipeline previously built and owned by Sinclair Pipe Line Company, which extends from Corpus Christi to Houston, along with all of the easements in connection therewith and including the two easements mentioned above. Appellant, after an attempt by appellees to interfere with the construction, filed an application for an injunction and a temporary restraining order and the trial court, on September 7, 1965, granted a temporary restraining order, temporarily restraining appellees from interfering with appellant's use and enjoyment of the rights granted in the two easements, including the construction of the additional pipelines.

Thereafter, appellees filed a motion to dissolve the temporary restraining order, and thereafter appellant amended its pleading and filed a motion containing an alternate count for condemnation under the provisions of Article 3269, R.C.S., in the event of the trial court's refusal to enter a temporary injunction. The court did grant the temporary order, as heretofore stated. This order enjoined appellees from interfering with appellant's construction and appellant's use and enjoyment of a 60-foot wide area through uncultivated land, and a 16½-foot-wide strip through the cultivated land. The order also permitted appellant to immediate possession under its alternate plea for condemnation upon the part of a 60-foot right-of-way not covered by the prior ruling on a 16½-foot-wide strip through the cultivated land.

Appellees filed an original answer and cross-action and appellant filed its second amended original petition and, prior to any action on the part of the trial court, both the appellant and the appellees filed motions for summary judgment.

On October 10, 1966, the court severed all issues relating to damages and all issues in connection with appellant's alternative plea for condemnation, and denied appellant's motion and granted appellees', to which appellant duly excepted and gave notice of appeal. No findings of fact nor conclusions of law were requested by either party, and none were filed. The foregoing statement is taken substantially from appellant's brief, and appellees say that it is substantially correct.

Appellant's First Point is:

"The trial court erred in denying appellant's motion for summary judgment, because the two pipelines right-of-way easements grant multiple line rights, with the right to expand the user by the user by the construction of additional lines, at any time, which rights are valid, as a matter of law."

We are in accord with this view, and we reverse and render the judgment of the trial court for reasons hereinafter stated.

The two pipeline right-of-way easements are virtually identical and contain substantially the following pertinent provisions:

"For and in consideration of Sixty-Six and 66/100 Dollars to us the undersigned in hand paid, receipt of which is hereby acknowledged, we Irene B. Dieter and her husband, A. J. Dieter do hereby grant to S. M. Briscoe, of Tulsa, Oklahoma, *his successors or assigns, the right-of-way or easement and privilege, to lay, repair, maintain, operate and remove a pipeline or pipelines for the transportation of oil or gas or any of its products or by-products, * * *.*

"To have and to hold unto the said grantee, his successors or assigns, so long as such line *or lines* shall be maintained, for the purpose of constructing, inspecting, repairing, operating and maintaining the same and the removal of such at will, *in whole or in part. * * * Should more than one pipeline be laid under this grant at any time Sixty-six and 66/100 Dollars shall be paid for each additional line so laid, besides the damages above provided for.* Should it become necessary to change the size of the pipe, the damage, if any, in making such change to be paid by the said grantee, his successors or assigns." (emphasis added).

■ The sole question before the trial court was the proper construction to be made of each of the two written contracts. First of all, it was the duty of the court to construe each of the written instruments and, in so doing, it was bound by the rules of construction heretofore announced by our Supreme Court:

"The governing rule in the construction of written instruments is 'that every part of the instrument should be harmonized and given effect to if it can be done'. Hancock v. Butler, 21 Tex. (804) 806. But this rule does not demand that every part of the deed shall be treated as of equal weight in the solution of every question that may arise. 'The habendum

may be entirely rejected if repugnant to the other clauses of the conveyance.' Devl. Deeds, § 213." Moore v. City of Waco, 85 Tex. 206, 20 S.W. 61, 63. "The language of a deed is the language of the grantor, and, if there be a doubt as to its construction, it should be resolved against him." Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551, 552. "The dominant purpose in construing a deed is to ascertain the intention of the parties as expressed in the deed itself; and such intention expressed therein is a controlling factor." Bumpass v. Bond, 131 Tex. 266, 114 S.W. 2d 1172, 1174, pars. 2 and 3, and cases there cited. (The foregoing quotation taken from the case of Moore v. Proctor, Tex.Civ.App., 234 S.W.2d 479).

Insofar as we know, the foregoing rules of construction have never been changed nor modified by our Supreme Court, and we think they apply here.

■ We have given much consideration to the language in each of the instruments before us and it is our view that each is full, clear and comprehensive and free from ambiguity and all doubt as to their provisions and the intention of the parties. The only issue before the trial court was whether or not each of the easements created multiple pipeline grants with the right in the future to expand the servitude. We think each did. It is our view that the application of the general rule of construction heretofore quoted requires us to so hold. We think such view is in line with the holding of our Texas Courts of Appeals where the provisions in the easements are substantially as they are here. The most recent case is Phillips Petroleum Company v. Lovell, Tex.Civ.App., 392 S.W.2d 748, Amarillo Court (1965) error ref., n. r. e. In that case Phillips had obtained two easements crossing certain properties, one having been executed in 1944, and the other one in 1946. One pipeline was constructed in 1944, and two in 1950, without incident. In 1962 Phillips constructed an additional pipeline across the subject land, and a law-

suit arose out of that pipeline construction. The pertinent provisions contained in the easement before the Amarillo Court were:

"* * * hereby grants unto Phillips Petroleum Company, a corporation, its successors and assigns, the right to lay, maintain, inspect, erect, operate and remove a pipe line, or pipe lines, * * *. "Grantee agrees that, if at any time or times any such pipe line or pipe lines shall be laid, Grantee shall pay to Grantor in addition to the consideration hereinabove stated, the sum of fifty cents per rod."

The 1946 easement in the Lovell case was substantially the same as in the provisions of the 1944 easement, except that the paragraph with respect to additional pipelines contained a few additional words. That paragraph in the 1946 easement was:

"Grantee agrees that, if at any time or times, any such pipe line or pipe lines shall be laid by Grantee, its successors or assigns, Grantee, its successors or assigns shall pay to Grantor, in addition to the consideration hereinabove stated, the sum of fifty cents per rod for each separate line so laid. The rights granted herein may be assigned in whole or in part."

The Amarillo court upheld the validity of the easement and said:

"We do not believe the exact same language must be employed in order for the instrument to constitute a multiple line grant. The test is whether under the four-corners rule the instrument shows the intent of the parties to a multiple line grant. The instruments here under consideration, particularly the 1946 instrument, does so in our case by the language employed and the definite consideration provided 'for each separate line so laid.' "

When you compare the pertinent provisions in the easements in the case before us with the provisions in the easement before the Amarillo Court, you cannot fail to see that the controlling provisions in the easements

before us are more complete and more comprehensive than the provisions in the easements in the Lovell case.

It is true that the Supreme Court in the Lovell case refused an application for writ on the ground that there was no reversible error, yet since the controlling question in the Lovell case was the proper construction of the easement, we must reach the conclusion that the Supreme Court was of the view that the judgment on this important point by the Amarillo Court was correct, otherwise it would have granted a writ.

We have carefully considered Belusko v. Phillips Petroleum Company, 198 F.Supp. 140 (S.D.Ill., S.D.1961) Affirmed 308 F.2d 832 (7th Cir. 1962); Houston Pipe Line Company v. Dwyer, Tex.Sup., 374 S.W.2d 662, and Winslow v. City of Vallejo, 148 Cal. 723, 84 P. 191, 5 L.R.A.,N.S., 851 (1906), and we are of the view that the foregoing cases by reason of the factual situation in each are distinguishable from the case at bar, and it would serve no useful purpose to comment thereon.

 Since there are no findings of fact nor conclusions of law we are of the view that the trial court necessarily based its holding upon the pleadings and stipulations, and its judgment therefore amounts to a finding by the trial court that the two easements in the case at bar were not valid multiple line grants, as a matter of law. As stated before, we are not in accord with this view. There are no issues of fraud, accident or mistake here, and in the absence of such issues and ambiguity it was the court's duty to give effect to the intention of the parties as expressed by the terms and conditions stated in the easements. See Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617 (1954); Davis v. Andrews, 361 S.W.2d 419, 424, Tex.Civ.App. (1962), error ref., n. r. e.; Kothe v. Harris County Flood Control Dist., 306 S.W.2d 390, 393 (Tex. Civ.App.1957). Moreover, it is well settled that courts must construe deeds so as to give effect to all parts thereof, and must not strike down any part of a deed unless

there is an irreconcilable conflict. Cockrell v. Texas Gulf Sulphur Co., 157 Tex. 10, 299 S.W.2d 672 (1956); Texas Pacific Coal & Oil Co. v. Masterson, 160 Tex. 548, 334 S.W.2d 436 (1960); Sebastian Independent School Dist. v. Ballenger, 297 S.W.2d 238, Tex.Civ.App. (1956). We find no irreconcilable conflict here.

It is clear to us that the trial court should have overruled appellees' motion for summary judgment, and should have sustained appellant's motion. Under our view each of the other contentions of appellant pass out of the case.

Accordingly, the judgment of the trial court is reversed and rendered.

It is further ordered that the temporary injunction and restraining order heretofore granted by the trial court be reinstated and such order be made permanent, and the District Court of Fort Bend County is directed to enter such decrees and the Clerk directed to issue such writs as necessary to enforce this judgment.

Reversed and rendered with instructions.