John Clayton REEVES, Carolyn Reeves, Aubrey Lynn Smith, Appellants,

v.

ARKANSAS–LOUISIANA GAS COMPANY, Appellee.

No. 8466.

Court of Civil Appeals of Texas, Texarkana.

June 14, 1977.

J. R. Cornelius, Jefferson, for appellants.

Gaines Baldwin, Marshall, for appellee.

CHADICK, Chief Justice.

This is an appeal from an order granting a temporary injunction. The judgment of the trial court is affirmed.

By deed dated July 31, 1930, E. C. Latham and wife ostensibly granted Arkansas-Louisiana Pipeline Company a pipeline right-of-way on, over and through certain lands situated in the A. De los Santos Coy Survey in Marion County, Texas. The Reeves appellants and Arkansas-Louisiana Gas Company, respectively, became successors in title to the grantors and grantee in such deed. And by deed dated July 31, 1930, J. K. Grubbs and wife ostensibly

granted Arkansas-Louisiana Pipeline Company a pipeline right-of-way on, over and through certain lands in the John A. McKinney Survey of Marion County, Texas. Appellant Aubrey Lynn Smith, and Arkansas-Louisiana Gas Company, respectively, became successors in title to the grantors and grantee in such deed. The cash consideration recited in the deed was paid to each set of grantors, together with a small sum for damages accruing under the terms of the deeds.

Pertinent to the issue in this case both grants had this language in common:

".  .  . do hereby grant to the Arkansas Louisiana Pipeline Co., its successors or assigns, the right of way to lay, maintain, alter, repair, operate and remove pipe *lines* for the transportation of oil or gas, .  .  . on, over and through certain lands situated in County of Marion, State of Texas, .  .  . *Should more than one pipe line be laid under this grant at any time the same consideration shall be paid for each line so laid as was paid for the first line laid.*" (Emphasis added.)

In reliance upon the deeds construction of a pipeline across the tracts belonging to the grantors was begun and completed without objection more than 45 years before this suit was instituted. The original line at trial time and for many years prior thereto was the sole source of supply and a part of the gas company's gas distribution system serving the City of Linden, Texas.

Prior to institution of this suit, December 9, 1976, the gas company was engaged in replacing the original pipeline and laying a new line parallel with and approximately ten feet distant from the existing line. On or about December 9, 1976, the appellants interfered with and stopped the gas company's new line construction work and refused the company access to its line on the appellants' land. The gas company turned to a district court of Marion County for relief and obtained the temporary injunction order that is the subject of this appeal.

■ The conclusive issue in this appeal is whether the trial court abused its discretion in granting a temporary injunction to prevent appellants from interfering with the company's construction of a new pipeline across appellants' lands. *Texas Foundries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460 (1952); *Oil Field Haulers Ass'n v. Railroad Commission*, Tex., 381 S.W.2d 183 (1964). To show an abuse of discretion the record must disclose the gas company did not plead and offer evidence tending to prove a probable right to a permanent injunction and a probable injury that a temporary injunction would prevent. *Oil Field Haulers Ass'n v. Railroad Commission*, supra; *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953); *Southwestern Greyhound Lines v. Railroad Com'n*, 128 Tex. 560, 99 S.W.2d 263 (1936). The appellants undertake to now show an abuse of the trial court's discretion on the basis that the grants from Latham and Grubbs contemplated that a single pipeline would be laid and that the grants did not authorize the company to lay a second line.

■ Right-of-way easement deeds are to be construed, when construction is necessary, as are other conveyances of land or interest in land. 21 Tex.Jur.2d, Easements, Sec. 14. Ascertainment of the intention of the parties, as intent is revealed by the document itself, is the dominant and controlling purpose in construction of a right-of-way deed. See last mentioned authority and *Coastal States Crude Gathering Co. v. Cummings*, 415 S.W.2d 240 (Tex.Civ.App. Waco 1967, writ ref'd n.r.e.). The emphasized language of the right-of-way deeds heretofore quoted shows that the parties contemplated and agreed more than one pipeline would or might be laid and expressly made provisions for such contingency by providing for payment of additional consideration for additional lines. Such provision is similar to multiple line easements discussed in *Phillips Petroleum Company v. Lovell*, 392 S.W.2d 748 (Tex.Civ.App. Amarillo 1965, writ ref'd n.r.e.); *Williams v. Humble Pipe Line Company*, 417 S.W.2d 453 (Tex.Civ.App. Houston 1967, no writ); 4 Summers Oil and Gas, Sec. 758, p. 353

(Supp.1977); 61 Am.Jur.2d, Pipelines, Sec. 31. See also *Knox v. Pioneer Natural Gas Company*, 321 S.W.2d 596 (Tex.Civ.App. El Paso 1959, writ ref'd n.r.e.). This being a multiple line easement distinguishes this case from single line easements discussed in *Houston Pipe Line Company v. Dwyer*, 374 S.W.2d 662 (Tex.1964); *Onthank v. Lake Shore and Michigan Southern Railroad Co.*, 71 N.Y. 194 (1877); *Winslow v. City of Vallejo*, 148 Cal. 723, 84 P. 191 (1906).

Under the pleadings and the evidence presented by the record the trial judge was warranted in concluding that the company had a cause of action and had by proof demonstrated a probable right to a permanent injunction and a probable injury if a temporary injunction did not issue. The judgment of the lower court must be affirmed. It is so ordered.

CORNELIUS, J., not participating.