## GEFFINE, Plaintiff-Appellee, v. THOMPSON, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19989. Decided February 26, 1945.

B. C. Boer, Cleveland, for plaintiff-appellee.

McAfee, Grossman, Hanning & Newcomber, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

The plaintiff appellee brought this action to eject the defendant from maintaining and operating on her land in the Village of Westlake in this County, a pipe-line for transporting gas. The defendant filed his cross-petition seeking to quiet his title and right to said pipe line against the claims of plaintiff, as contained in the petition. The case was tried on an agreed statement of facts and additional evidence. The trial court gave judgment to the plaintiff on her petition and also on the defendant's cross-petition. From this judgment the defendant appeals.

Plaintiff's predecessor in title for a valuable consideration granted in 1918 to The East Ohio Gas Company, its successors and assigns, "the right of way to lay, maintain, operate and remove a pipe line for the transportation of gas" over the

land described in plaintiff's petition. In addition, the grantee agreed to pay any damages which might be caused crops and fences on the land "from the laying, maintaining, operating and removing said pipe line."

The pipe line on plaintiff's property, about 2000 feet in length, was constructed along the northerly boundary of the land as a part of a longer pipe line to pipe gas from gas wells constructed in the neighborhood. Later The East Ohio Gas Company found that no surplus gas was being produced beyond the demands of local consumers and the company in 1928 sold and assigned the pipe line on plaintiff's premises and an additional 4000 feet of pipe line on other lands to J. C. Arthurs & Company which company in turn in 1935 sold and assigned its said pipe line to the defendant.

As gas wells became dry and were abandoned, other producing wells were attached to the line. At the present time the defendant is the owner of two nearby gas wells whose product is piped into the line for the use of 27 local customers, nearby property owners, who use the gas for cooking and heating. The total income to the defendant is less than $2.00 per day.

The plaintiff purchased the land described in the petition in 1925 and she objected to the maintenance and operation of the pipe line on her land for the first time in 1942. The part of the land where the pipe line is laid is not being farmed or used by the plaintiff.

The lower court by its judgment approved plaintiff's contention that the easement granted to The East Ohio Gas Co., in 1918 by plaintiff's predecessor in title was not appurtenant to any land owned by the East Ohio Gas Company and accordingly was an easement in gross and therefore not assignable.

This ruling is clearly contrary to the intention of the parties who executed the written easement which, as stated, ran "to The East Ohio Gas Company, its successors and assigns." The record contains nothing to support a claim that the intention of the parties should not be given effect on any ground of public policy.

In the case of **Junction Railroad Co. v Ruggles, 7 Oh St 1,** the supreme court held that a railroad right of way is assignable. The court in its decision said:

"We return then to the question; was this easement capable of transfer? The question seems to be one of first impression. At all events, no case is cited and we can find none

in which the point has been adjudicated * * * *. A right of way appendant to a farm, is granted or reserved as being necessary or convenient for the occupancy and use of the farm, and is therefore transferable with the farm. A railroad is an entire thing; and the entire right of way for a railroad is made up of a union of many rights derived from many individual owners; some by contracts, involving various duties and obligations, and others by appropriation, under a delegated right of eminent domain. Any one of them is appurtenant to all the remainder—necessary to the enjoyment of all the remainder—and therefrom from analogy to rights of way appendant to real estate, alienable, we think, with the thing to which it is appurtenant."

It is not our understanding that the supreme court in Junction Railroad Company v Ruggles, meant to hold that the assignability of a part of a railroad right of way is dependent ·on a sale and transfer of the entire right of way. If there is in the case any ambiguity on this point it was cleared up and resolved in the case of **Garlick v Railroad Co. 67 Oh St 223,** when the supreme court held (second paragraph of syllabus):

"A railroad company organized under the laws of Ohio may acquire title to lands within the state for railroad purposes * * * * and when the right of way is thus acquired and the company has constructed its railroad thereon * * * said company may sell and convey to another corporation for like railroad purposes all or a part of the premises so acquired."

In **Boatman v Lasley, 23 Oh St 614,** the court held that a grant to one L. his heirs and assigns, of a right of way over the grantor's land, was not assignable or inheritable. The court said (page 618):

"A mere naked right to pass and repass over the land of another, a use which excludes all participation in the profits of the land, is not in any proper sense an interest or estate in the land itself. Such a right is in its nature personal; it attaches itself to the person of him to whom it is granted, and must die with the person."

The decision in Junction Railroad Co. v Ruggles, supra, was not referred to in Boatman v Lasley and it cannot be considered to have been overruled by the later decision. In fact the court in Junction Railroad Co. v Ruggles recognized

the existence of the general rule as later set forth in Boatman v Lasley but said further:

"The subject matter of the question—a right of way for a railroad—is itself new; and the principles long ago established, in regard to rights of way, personal or in gross, and rights of way appurtenant to real estate, have no direct application to this new class of rights of way. It, we apprehend, is sui generis and must be governed by reasons peculiar to itself, and the lights which may be derived from the analogies it may bear to the old classes of easements of this kind whose incidents have been already fixed and determined."

Is the case we are now considering, involving a pipe line easement for the transportation of gas, controlled by the decision in Junction Railroad Co. v Ruggles, or by the holding in Boatman v Lasley? In our view there can be no doubt as to the correct answer to this question. The right to construct a pipe line on land to transport gas is analogous to the right to construct a railroad track to transport passengers and freight and is not analogous to a right granted to an individual to pass and repass over the land.

In our view, therefore, the present case cannot be distinguished on principle from Junction Railroad Co. v Ruggles, supra, and is controlled by it.

The exact question in the present case was considered and passed on in the case of Standard Oil Co. v Buchi, 72 N. J. Equity, 492; 66 Atl. 427. The New Jersey court decided in favor of the assignability of pipe line easements.

There is an excellent article in 22 Mich. Law Review, page 521, on "The assignability of easements in gross in American Law" by Louis M. Simes now a Professor of Law in the University of Michigan. Professor Simes takes the position that there is no good reason why easements in gross should not be held to be assignable and that the fact that the contrary view has been taken in many American cases is due to a misunderstanding of certain statements of Blackstone and Kent. Grants for **profits a prendre** in gross are generally held to be assignable and no satisfactory reason has ever been given why a different rule should be applied to easements in gross. Professor Simes concludes his article with the following statement:

"Can we not say that, since any supposed rule making easements in gross inalienable is without adequate found-

404

ation in logic or history, its application should be strictly limited to private ways; and that in jurisdictions where the question is still an open one, these interests should be freely assignable wherever it appears that the grantor did not restrict them to a designated person."

The writer of this opinion is in accord with the views expressed in the above article by Professor Simes. However, as already stated, we prefer to rest our reversal of the judgment of the trial court in this case on the authority of **Junction Railroad Co. v Ruggles 7 Oh St 1.**

The judgment of the common pleas court is reversed and the cause is remanded for further proceedings according to law.

SKEEL, P. J. and LIEGHLEY, J., concur.