**PHILLIPS PETROLEUM COMPANY,**
Appellant,

v.

**John Hunt LOVELL, a Minor, et al.,**
Appellees.

No. 7473.

Court of Civil Appeals of Texas.

Amarillo.

May 31, 1965.

Rehearing Denied June 28, 1965.

Wm. J. Zeman and Lloyd G. Minter, Bartlesville, Okl., C. J. Roberts and C. Rex Boyd, Amarillo, for appellant.

Lovell & Lyle, Dumas, for appellees.

CHAPMAN, Justice.

This is a summary judgment case in which the trial court summarily awarded judgment for the plaintiffs below, James R. Lovell and Louva H. Lovell, acting in the capacity as guardians of the estate of the landowner, John Hunt Lovell, a minor, against Phillips Petroleum Company. The

parties will be hereinafter referred to as appellant or Phillips and as appellees.

Appellant owns and holds two rights-of-way grants executed by John H. Hunt, predecessor in title of John Hunt Lovell, to Phillips in 1944 and 1946 respectively, covering a half-section of land in Sherman County, Texas.

For the consideration shown in the instrument of $5.00, the 1944 instrument provided:

"John H. Hunt, a single man, hereby grants unto Phillips Petroleum Company, a corporation, its successors and assigns, the right to lay, maintain, inspect, erect, operate and remove a pipe line, *or pipe lines* and accompanying telephone and telegraph lines over, through, upon, under and across the following described land in Sherman County, State of Texas, to wit: S/2 of Sec. 28, Block 2, G H & H R. R. Survey.

"Telephone line of construction shall follow section line.

"Grantee agrees that, if at any time *or times* any such pipe line *or pipe lines shall be laid, Grantee shall pay to Grantor in addition to the consideration hereinabove stated, the sum of fifty cents per rod.*

"Grantee agrees to pay for damages to growing crops or to fences of Grantor.

"The provision of this contract shall not apply to pipe lines laid on or across the above described land under rights granted by any other contract, lease or conveyance.

"Executed this 24th day of April, 1944."

The 1946 grant was essentially the same except that therein "and appurtenances" was added in the granting clause following "or pipe lines;" and telegraph lines was added to telephone lines therein with respect to the provision for erection on section lines. The next paragraph in each instrument provides as follows, except that the italicized words were not included in the 1944 grant:

"Grantee agrees that, if at any time or times, any such pipe line or pipe lines shall be laid *by Grantee, its successors or assigns,* Grantee, *its successors or assigns* shall pay to Grantor, in addition to the consideration hereinabove stated, the sum of fifty cents per rod *for each separate line so laid. The rights granted herein may be assigned in whole or in part.*"

It is undisputed in the record that each grant was valid, then in effect, had been since their inceptions, and that Phillips' rights thereunder predate those of the minor landowner, appellees, and the agricultural tenant.

Prior to 1962, Phillips had, under its rights-of-way grants, installed three pipe lines across the land, one in 1944 and two in 1950 without incident. Each time the agreed additional payment of fifty cents per rod was made and accepted and pipe line construction damages paid. Then in 1962, acting under its previous grants, Phillips installed a loop on the line previously installed in 1944. Tenders were made by appellant in August and September 1962 in like amount under the 1944 and 1946 grants respectively as payment for the 1960 loop and was, by the guardians, refused. Next the line was installed across the land. On January 2, 1963, a check was transmitted to the guardians and the agricultural tenant for damages for pipe line construction and refused.

The question to be decided is whether the language of the 1944 or 1946 rights-of-way instruments created multiple line grants with the right in the future to expand the servitude by the payment of the additional fifty cents for each rod expanded and expenses for injuries to crops and fences.

■ "It is elementary that unless the deed be ambiguous, it is the duty of all courts to construe the deed within its four corners. In such construction the court seeks the intention of the parties as shown by the deed." Ulbricht v. Friedsam, 159 Tex. 607, 325 S.W.2d 669.

■ It is so elementary it requires no citation of authority to say that a landowner in fee has a right to lay a pipe line or pipe lines on his land at any time, and having such right he may convey such right to another

The instruments granted to Phillips the right to "lay, maintain, inspect, erect, operate and remove a pipe line, *or pipe lines* * * * over, through, upon, under and across" the described land, the 1946 grant adding "and appurtenances" to the clause "or pipe lines." Thus, the right is given in each instrument to lay, etc., multiple lines by the use of the plural "or pipe lines." Then follows in the instruments the provisions that "if at any time *or times*, any such pipe line *or pipe lines* shall be laid * * * Grantee shall pay to Grantor, in addition to the consideration hereinabove stated, the sum of fifty cents per rod." The 1946 grant included the Grantee's successors or assigns and added to the language of the 1944 grant wherein it said, "the sum of fifty cents per rod" the language "for each separate line so laid," making it read, "Grantee, its successors or assigns shall pay to Grantor, in addition to the consideration hereinabove stated, the sum of fifty cents per rod *for each separate line so laid*." (All italics in this opinion are ours unless otherwise stated).

■ " * * * courts must construe the deed so as to give effect to all parts thereof and will harmonize all provisions therein and not strike down any part of a deed unless there is an irreconcilable conflict." Cockrell v. Texas Gulf Sulphur Company, 157 Tex. 10, 299 S.W.2d 672.

■ Thus, Phillips obtained the perpetual easement right, with its attendant obligations to pay the sum of fifty cents per rod "for each separate line so laid," and the resulting damages to crops or fences of Grantor. To hold otherwise would be to strike down the language "or pipe lines," "or times," and "for each separate line so laid" and the provision requiring the additional fifty cents per rod payment above the original consideration shown.

In Crawford v. Tennessee Gas Transmission Co., Tex.Civ.App., 250 S.W.2d 237 (writ refused) the Beaumont Court of Civil Appeals had before it a controversy between an owner of a multiple line easement and the surface owner concerning easement rights. That easement granted a right to lay additional "pipe lines" "at any time" with the provisions for payment of one cent per lineal rod for such additional lines. Two subsequent installations were made following the first in 1944. The surface owner was restrained by the trial court from interfering with the construction of the third line. Our Supreme Court by stamping "Writ Refused" on the application for writ of error approved the intermediate court's holding that: "Since the agreement is full and states the use to be made of the right of way granted, any attempt by the courts to limit the appellee to a certain portion of the land would alter the stated purpose for which the grant was made." For us to hold in the instant case that the plural language "pipe lines" was intended by the parties to mean only those laid in 1944 under that grant or in 1950 under the 1946 grant would be to completely disregard the language providing: "at any time or times" and the provision for payment of the designated amount per rod for the laying of a pipe line or pipe lines at any time or times.

We are not unmindful of the language used in Belusko v. Phillips Petroleum Co. decided by the intermediate U. S. appellate court, 7th Circuit, 308 F.2d 832, wherein additional consideration was provided "on

the same basis per lineal rod as the consideration hereinabove recited." That instrument was held indefinite and uncertain with respect to the claimed right to lay a second line because "no standard by which such consideration [1] is to be determined, is recited in any part of the instrument."

The easement deed provided for a consideration of $50.00 that the Grantor granted the right to "lay * * *, remove and relay a pipe line, or pipe lines" but simply failed to provide an additional consideration for more than one line, even though the grant later stated the consideration for additional lines would be "calculated on the same basis per lineal rod as the consideration hereinabove recited." There just was no consideration per lineal rod "hereinabove recited." Such is not true in the instant case, wherein fifty cents per rod was specifically provided for each separate line so laid.

We do not consider Houston Pipe Line Company v. Dwyer, Tex.Sup., 374 S.W.2d 662, nor Winslow v. City of Vallejo, 148 Cal. 723, 84 P. 191, 5 L.R.A.,N.S., 851, relied on by appellees, as being analogous to the instant case on the facts. The former involved a single line grant and the latter a single installation grant. Neither is applicable to a multiple line grant such as those in the instant case.

Other jurisdictions have held language similar to our own to be multiple line grants giving the right in the future to expand the servitude by the payment of further consideration for such expansion. Hamilton v. Transcontinental Gas Pipe Line Corp., 236 Miss. 429, 110 So.2d 612; Baker v. Tennessee Gas Transmission Co., 194 Tenn. 368, 250 S.W.2d 566; Sorrell v. Tennessee Gas Transmission Company, Court of Appeals of Kentucky, 314 S.W.2d 193.

Where an easement was granted in 1856 in the state of Oregon to conduct water across land with the right "to bring all the water that may be required to run the mills thereon, and all other mills or machinery that may at any time or times be placed upon the * * * premises * * *" and a suit was brought more than fifty years later to enjoin the easement owner from expanding the waterway, the Supreme Court of Oregon held: "We are aware of no rule of law, and there is none, prohibiting the grant of an easement to take effect or to be enjoyed in the future * * *." Patterson v. Chambers' Power Co., 81 Or. 328, 159 P. 568.

It is true that in each of the instruments involved in the gas pipe line cases just cited the word "additional" was used in connection with other lines to be installed. We do not believe the exact same language must be employed in order for the instrument to constitute a multiple line grant. The test is whether under the four-corners rule the instrument shows the intent of the parties to a multiple line grant. The instruments here under consideration, particularly the 1946 instrument, does so in our case by the language employed and the definite consideration provided "for each separate line so laid."

We also hold the rights granted to construct "each separate line so laid" conveyed a present right, a conveyance in praesenti, to lay a pipe line, or pipe lines at any time or times, just as the instrument provided, and that the provision for payment in the future for the subsequent line or lines is not subject to the rule against perpetuities. Sorrell v. Tennessee Gas Transmission Co., supra; Restatement of Law, Property, Sec. 393, Comment j, page 2321 and Sec. 399, Comment a, page 2341; Caruthers v. Peoples Natural Gas Co., Superior Court of Pennsylvania, 155 Pa.Super. 332, 38 A.2d 713. In the last cited case the court said:

"Leading text writers agree that the rule against perpetuities is applicable to easements: Gray, Rule against Per-

---

1. The "consideration" there referred to was with reference to more than one line.

petuities, 4th Ed., §§ 314–316; Lewis on Perpetuities, pp. 619, 620; Foulke, Perpetuities in Pennsylvania, § 366. But a presently vested expansible easement must be distinguished from an option to acquire future additional servitudes. The present grant of a right to cut timber or mine coal or make use of a right of way, with a provision for payment if and when the easement is expanded, does not run counter to the rule. * * * 'Nor does the circumstance that a payment is to be made when the easement or profit is used, prevent it from being a present right * * *.' "

The question of damages was properly reserved by the trial court to be tried after the disposition of the matters now before us.

We believe, and so hold, that the trial court should have refused appellee's motion for summary judgment and granted appellant's motion on the questions before us. The judgment is reversed and rendered in accordance with this conclusion.