Ouida WILLIAMS et al., Appellants,

v.

HUMBLE PIPE LINE COMPANY, Appellee.

No. 15090.

Court of Civil Appeals of Texas.

Houston.

July 3, 1967.

Adams & Browne, David L. Larson, Beaumont, for appellants.

Jim K. Wilson, Houston, Dillard Baker, Houston, of counsel, for appellee.

WERLEIN, Justice.

This is an appeal from a summary judgment granted appellee, Humble Pipe Line Company, in a suit brought against it by Ouida Williams et al. to recover damages alleged to have been sustained by them as a result of appellee's constructing a pipe line across land belonging to appellants. Appellee admitted that it had laid such pipe line but pleaded affirmatively that it was the holder of an easement across the land which had been executed by appellants and/or their predecessors in title to the land in question.

The evidence shows that on November 14, 1936 George L. Morgan and wife, Lucy Morgan, conveyed a right of way or easement to Humble Oil & Refining Company across the land described in appellants' petition. The right of way conveyance was amended on January 17, 1959. Such amended instrument was executed by all of

the appellants except Jill Koenig Hodge and husband, J. C. Hodge, who derived their interest in the property from Georgie Morgan Koenig and husband, John H. Koenig, who had executed such amended instrument. The right of way grant as amended contains a provision specifically granting "the right of assignment in whole or in part;" and it authorizes Humble Oil & Refining Company or its assigns to lay within the 50 foot wide unobstructed right of way therein described "an additional line or lines of pipe" alongside the line specifically identified therein. Such amended right of way grant contains the following paragraph:

"It is further understood and agreed that Humble Oil & Refining Company, its successors and assigns, may at any time lay within the right of way described above an additional line or lines of pipe alongside of the line or lines herein mentioned, and, if such privilege is exercised, Humble Oil & Refining Company, its successors and assigns, shall thereupon, within sixty (60) days after exercising such right, pay FIVE AND NO/100 DOLLARS ($5.00) per lineal rod to the undersigned Owner, his heirs or assigns, for each additional line so laid. In the event the undersigned own an interest in said premises less than the entire fee simple estate, then said payment shall be reduced proportionately."

On December 31, 1965, Humble Oil & Refining Company transferred, assigned and conveyed to appellee a ten-inch pipe line, in place, extending generally from the grantor's Baytown refinery in Harris County to a point in the vicinity of Port Acres, Texas, in Jefferson County, Texas, a portion of said pipe line being situated on, over and across the right of way easement granted by appellants to Humble Oil & Refining Company, as hereinabove stated. In such instrument it is recited that the grant is subject to all the terms and provisions of the above described right of

way easement, but only insofar as the same may be necessary for the assignee to lay, construct, maintain, operate, replace, change and remove (1) the presently existing 10-inch pipe line being transferred to the assignee, and (2) one additional pipe line to be laid within said easement parallel to said existing 10-inch pipe line.

On February 10, 1966, appellee tendered to appellants the total sum of $2,520.00, or $5.00 per lineal rod, in payment of the amount called for in the easement as consideration for the laying of an additional pipe line. Such tender was made prior to the commencement of operations for construction of such pipe line, but the drafts delivered to appellants were not cashed or returned to appellee.

Appellants contend that the trial court erred in granting the summary judgment because: (1) the right or privilege of laying the additional pipe line could be barred by an unreasonable delay in doing so and hence there was a fact issue as to whether there was such unreasonable delay; (2) the right to lay at any time an additional pipe line or lines within the right of way constitutes a grant of an option unlimited as to time, which had to be executed within a reasonable time and hence there was a fact issue as to whether it was exercised within a reasonable time; and (3) the option being unlimited in time, was in violation of the Rule against Perpetuities and therefore void.

■ Appellee concedes that mere options unlimited as to time must be exercised within a reasonable time. It asserts, however, that its rights under the additional line rights clause in the lease is not a mere option but a presently vested expansible easement and hence it does not constitute a violation of the Rule against Perpetuities which, of course, deals only with the remote vesting of an estate and not the enjoyment thereof. Appellee further asserts that since such grant is of a vested right in property and not a mere option, it does not have to be exercised

within any particular time and there was no fact issue with respect to exercising the same within a reasonable time. The evidence shows that the additional pipe line was laid within the right of way specifically described in the amended easement and in accordance with the provisions thereof.

■ We are of the opinion that the grant of the easement in question did not convey a mere option to appellee's predecessor but presently vested in such predecessor an expansible easement to lay within the right of way specifically described an additional line or lines of pipe alongside of the line or lines already laid at the time the amended easement was executed. Such vested right in appellee's predecessor was assignable in whole or in part under the express terms of the amended easement. We know of no reason why under such express provision the easement could not be assigned to appellee in part, as was done.

In Phillips Petroleum Company v. Lovell, 392 S.W.2d 748, Tex.Civ.App.1965, writ ref., n.r.e., the court held that a grant such as the one in the instant case vested an expansible easement in the grantee, and that additional line rights grants are not the same as options. The court said: "It is so elementary it requires no citation of authority to say that a land owner in fee has a right to lay a pipe line or pipe lines on his land at any time, and having such right he may convey such right to another." The law is well settled that courts must construe a deed so as to give effect to all parts thereof and will harmonize all provisions therein and not strike down any part of a deed unless there is an irreconcilable conflict. Cockrell v. Texas Gulf Sulphur Company, 1956, 157 Tex. 10, 299 S.W.2d 672; Woods v. Sims, 1954, 154 Tex. 59, 273 S.W.2d 617.

The court, in the Phillips Petroleum Company v. Lovell case, supra, cited with apparent approval cases in other jurisdictions in which language similar to that used in such case and also in the present case was held to be multiple line grants giving the right in the future to expand the servitude by the payment of further consideration for such expansion. See Hamilton v. Transcontinental Gas Pipe Line Corp., 1959, 236 Miss. 429, 110 So.2d 612; Baker v. Tennessee Gas Transmission Co., 1952, 194 Tenn. 368, 250 S.W.2d 566; Sorrell v. Tennessee Gas Transmission Co., Kentucky Court of Appeals, 1958, 314 S.W.2d 193.

In the Lovell case the court also held that the grant to construct "each separate line so laid" conveyed a present right, or a right in praesenti, to lay a pipe line or pipe lines at any time or times, just as the instrument provided, and that the provision for payment in the future for the subsequent line or lines is not subject to the Rule against Perpetuities. See Sorrell v. Tennessee Gas Transmission Company, supra; Restatement of Law, Property, Sec. 393, Comment j, p. 2321, and Sec. 399, Comment a, p. 2341; Caruthers v. Peoples Natural Gas Co., 155 Pa.Super. 332, 38 A.2d 713. See also Baker v. Tennessee Gas Transmission Company, supra; Vandiver v. Transcontinental Gas Pipe Line Corp., U.S.Dist.Ct., M.D.Ga., 222 F.Supp. 731; Patterson v. Chambers' Power Co., 81 Or. 328, 159 P. 568.

■ Since the right to lay an additional pipe line is not a mere equitable right but a grant of an expansible easement presently vesting in the grantee an interest in land, it is our opinion that as a matter of law such right was not barred by the alleged delay of seven years in exercising it, and hence no genuine issue of material fact was raised with respect thereto. See Restatement of the Law, Property, Ch. 27, Sec. 399, p. 2341, Comment g, where it is stated: "The 'expansible aspect' of some such interests can be thought of as the progressive utilization, in its entirety, of an interest fully created at the beginning, or as the creation of an original less inclusive interest to which new rights are added

from time to time." See Sorrell v. Tennessee Gas Transmission Co., supra.

We overrule appellants' assignment that appellee has no enforceable assignment giving it the right to lay any pipe line across the land of the appellants on the ground that the assignment from Humble Oil & Refining Company to appellee failed to designate the location of the proposed pipe line to be laid by appellee. The easement is specifically described and the additional line was to be laid in such easement and alongside the pipe lines previously laid. This sufficiently defined the location of the proposed pipe line. See Knox v. Pioneer Natural Gas Co., 321 S.W.2d 596, Tex.Civ.App.1959, writ ref., n.r.e.; Cozby v. Armstrong, 205 S.W.2d 403, Tex.Civ. App.1947, writ ref., n. r. e.; Sorrell v. Tennessee Gas Transmission Co., supra.

Judgment affirmed.