Margaret E. STRAUCH, Appellant,

v.

COASTAL STATES CRUDE GATHERING COMPANY, Appellee.

No. 365.

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 8, 1968.

Rehearing Denied Feb. 29, 1968.

George Strauch, Houston, for appellant.

W. T. Blackburn, Corpus Christi, for appellee.

## OPINION

GREEN, Chief Justice.

Appellant Margaret E. Strauch, plaintiff below, filed suit alleging a continuing trespass on her property by the unlawful construction thereon by appellee in 1965 of a pipe line, seeking damages of $1400.00, and also asking for a declaration by the court that a pipe line right of way easement did not authorize the construction by defendant of additional pipe lines across her land. Appellee, defendant in the trial court, answered that it was not guilty of any trespass because the subject pipe line right of way easement granted the right to construct the pipe line installed by appellee across appellant's land. Appellant propounded two sets of interrogatories to appellee, the sworn answers to which were filed in the record, and on the basis of the pleadings, the right of way deed attached as an exhibit to plaintiff's petition, and the interrogatories and sworn answers on file, each party filed a motion for summary judgment, each alleging in her or its respective motion that there was no genuine issue of any material fact. On June 6, 1966, the court rendered a partial summary judgment on the issue of liability favorable to plaintiff, but an attempted appeal by Coastal States was dismissed by this Court on the ground that such partial judgment was interlocutory and non-appealable. Coastal States Crude Gathering Company v. Strauch, Tex.Civ.App., 410 S.W.2d 945, n. w. h. After the mandate had been received by the district clerk, defendant filed its second motion for summary judgment together with a stipulation that in the event the court should hold that Coastal States did not have the right to construct the 1965 pipe line across plaintiff's land, her damages as a result of defendant's trespass would be the maximum sued for, to-wit, $1,400.00[1]

Following a hearing, the trial court in effect set aside the interlocutory order of June 6, 1966, denied appellant's motion for summary judgment, and rendered judgment sustaining appellee's second motion, and held that appellee Coastal States was entitled as a matter of law under the subject right of

---

1. The damages sued for were concerned with the disputed right to construct the pipe line and were not with respect to damage to the surface caused by the construction or operations. Payment for this latter type of damages was expressly provided for in the instrument.

way easement grant to install the additional 1965 pipe line across plaintiff's land and that plaintiff was not entitled to damages as alleged by her. Plaintiff has appealed from that order.

The relevant portions of the right of way grant executed in 1942 by the then owner of the land to Sinclair Refining Company read as follows:

## "RIGHT OF WAY

"FOR AND IN CONSIDERATION OF THE SUM OF *THIRTY-NINE & 50/100*—DOLLARS, to the grantors paid, the receipt of which is hereby acknowledged, *A. F. SCHULZE ALBERT A. SCHULZE* herein called Grantors, hereby grant unto SINCLAIR REFINING COMPANY, a Maine corporation, hereafter called Grantee, the right to lay, maintain, inspect, operate, repair, replace, and remove a pipe line for the transportation of crude petroleum, oil, gas, the products or by-products of each thereof and also water, and further the right to erect, install, maintain, inspect, operate, repair and remove telegraph and telephone lines and equipment and apparatus therefor, if grantee desires to do so, to be used in connection with any pipe line owned by said grantee on, over and through the following described land. * * *

* * * * * *

"And for an additional consideration of One Dollar ($1.00), the receipt of which is hereby acknowledged, said grantors hereby grant unto said grantee the right at any time to lay, maintain, operate, repair, replace, or remove an additional pipe line or pipe lines alongside of said first pipe line for the transportation of crude petroleum, oil, gas, the products or by-products of each thereof, and also water on, over and through said land and grantee agrees to pay grantors for each additional pipe line placed on said land by it the sum of $39.50 on or before the time

grantee commences to construct such pipe line on, over and through said land; said additional line or lines to be laid subject to the same rights, privileges and conditions as the original line.

"Grantee has the right to change the size of its pipes, the damage, if any, in making such change to be paid by the said grantee.

* * * * * *

" * * * the terms, conditions and provisions of this contract shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors and assigns of the parties hereto."

This instrument was filed for record with the County Clerk of Refugio County, Texas, wherein the land is located, on February 15, 1943, and was duly recorded in the deed records of that county.

Sinclair laid the first pipe line, an 8 inch line, across this land in 1943. Appellee Coastal States by mesne assignments became the owner[2] of the easement rights in 1964, and in 1965 constructed a 12 inch pipe line across the land approximately 15 feet to the east and parallel with the first line for the purpose of transportation of crude oil. Plaintiff in the meantime had acquired title to the land involved.

There was no issue of fraud or deceit raised in appellant's pleadings, and the principal issue on this appeal is as to the proper construction to be placed upon the provisions copied above from the subject easement grant.

Appellant assigns, as grounds for reversal, five points of error as follows:

## POINTS OF ERROR

### FIRST POINT OF ERROR

The Trial Court erroneously ruled that the Appellant could not recover damages for the installation of the second pipeline on appellant's land.

---

2. This is questioned in appellant's 5th point of error.

## SECOND POINT OF ERROR

The Trial Court should be reversed because the Language of the Easement created an Interest obnoxious to the Rule Against Perpetuities.

## THIRD POINT OF ERROR

The Trial Court should be reversed because the broad and indefinite language of the easement grant having left the rights of the parties uncertain, their rights were defined and made certain by a course of usage.

## FOURTH POINT OF ERROR

The Trial Court should be reversed because the right to install additional pipelines was not assignable.

## FIFTH POINT OF ERROR

The right to install additional pipelines was either abandoned or not assigned.

Since, as shown by the statement and argument of appellant under the first point, it is all inclusive of the other four specific alleged errors, we shall proceed to discuss and pass on points 2, 3, 4 and 5.

■ Appellant contends by her second point that since the language of the easement grant purports to create a separate *optional* right (supported by separate consideration) to acquire additional servient land in the future, and since this is a future interest which is not bound to vest within twenty-one years, the interest is void as violating the rule against perpetuities. Appellee answers that the rights granted in the right of way easement to construct additional pipe lines were *vested rights,* which became *vested* at the time of the grant, and thus do not constitute an option and do not violate the rule against perpetuities.

Most of the reported *multiple line rights* cases have dealt with this same argument by the landowner that a grant of the right to construct *additional pipe lines* at a later time was an option that was void as being contrary to the rule against perpetuities. The courts have uniformly held against this contention. Phillips Petroleum Company v. Lovell, Tex.Civ.App., 392 S.W.2d 748, wr. ref., n. r. e.; Williams v. Humble Pipe Line Company, Tex.Civ.App., 417 S.W.2d 453, n. w. h.; Baker v. Tennessee Gas Transmission Co., Tenn., 250 S.W.2d 566; Hamilton v. Transcontinental Gas Pipe Line Corp., Miss., 110 So.2d 612; Babler v. Shell Pipe Line Corp., D.C.,E.D.Mo., 34 F.Supp. 10; Belusko v. Phillips Petroleum Company, 7th Cir., 308 F.2d 832; Vandiver v. Transcontinental Gas Pipe Line Corporation, U.S.D.Ct. Ga., Athens Div., 222 F.Supp. 731; Caruthers v. Peoples Natural Gas Co., 155 Pa. Super. 332, 38 A.2d 713; Sorrell v. Tennessee Gas Transmission Company, Ky.Ct. App., 314 S.W.2d 193; Texas Eastern Transmission Corporation v. Carman, Ky. Ct.App., 314 S.W.2d 684.

We quote from Sorrell, supra, as follows:

"It is next maintained the agreement in controversy violates the rule against perpetuities. This rule is in these words as set forth in Gray's The Rule against Perpetuities, Section 301 (4th Ed.): 'No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.' It is apparent from a casual reading of this language that the rule is not involved with the possession and enjoyment of an interest but with its vesting. As has been shown, the instrument with which we are concerned grants present rights and subjects the land described therein to an immediate servitude. It is true that the owner of the easement is not limited as to the time in which it may make full use of its rights. This, however, does not mean that its rights have not vested. Many types of easements which are granted in perpetuity are not exercised immediately, or within any limited time; yet it has never been suggested that the non-use of the rights granted, either in whole or in part, affects their validity. See Restatement of the Law of Property, Chapter 27, Section 399, Com-

ment g, page 2341. Nor does the circumstance that a payment is to be made when the easement is used prevent it from being a present right. See Gray, supra, Section 279."

See also, on validity and construction of multiple lines grant, Coastal States Crude Gathering Company v. Cummings, Tex.Civ. App., 415 S.W.2d 240, wr. ref. n. r. e.

We hold that the grant of the right at any time to lay and maintain an additional pipe line or pipe lines alongside of the first one for the purposes mentioned did not constitute a mere option but created an expansible easement with vested rights not affected by the rule against perpetuities. Appellant's second point of error is overruled.

 In the statement and argument under her third point, supra, appellant contends that the language of the easement grant is indefinite as to the number, location, size, physical limits of the easement, and time when additional lines would be installed, and that because of such indefiniteness the course of usage (22 years between the installation of the first line and the second) fixed the number of pipe lines at one and the size of the pipe to eight inches. Appellant supports her contentions by five cases, Houston Pipe Line Company v. Dwyer, Tex.Sup.Ct., 374 S.W.2d 662; Winslow v. City of Vallejo, 148 Cal. 723, 84 P. 191, 5 L.R.A.,N.S., 851; City of Pasadena v. California-Michigan Land & Water Co., 17 Cal.2d 576, 110 P.2d 983, 133 A.L.R. 186; Tennessee Public Service Co. v. Price, 16 Tenn.App. 58, 65 S.W.2d 879; Belusko v. Phillips Petroleum Co., S.Dist.Ill., 198 F. Supp 140, affd., 7th Cir., 308 F.2d 832. We do not find the decisions cited to be controlling over the fact situation here presented.

The courts have held that the failure to spell out all of the terms in an easement with respect to the construction of additional pipe lines does not render ambiguous or unenforcible the rights granted. Crawford v. Tennessee Gas Transmission Co., Tex.Civ. App., 250 S.W.2d 237, wr. ref.; Lone Star Gas Co. v. Childress, Tex.Civ.App., 187 S. W.2d 936, n. w. h.; Vandiver v. Transcontinental Gas Pipe Line Corporation, supra; Sorrell v. Tennessee Gas Transmission Company, supra. Quoting again from Sorrell:

"There are, of course, elements of indefiniteness in every instrument which simply grants certain rights of use with respect to a tract of land and does not specify that those rights are to be exercised over any particular portion of the property. Then, too, the quantity of land which may be used by the grantee for constructing and maintaining its line or for ingress and egress is not customarily specified in the type of easement under consideration and these matters may likewise be said to be left uncertain. The great weight of authority is, however, that such grants are nevertheless valid. See 17A Am.Jur., Easements, Sec. 101, p. 711; 28 C.J.S. Easements § 80, p. 760."

The Belusko case cited by appellant is clearly distinguishable on the facts There, the easement grant recited a lump sum consideration for the laying of the first pipe line, as follows:

"For And In Consideration of the sum of Fifty & No/100 Dollars ($50.00) in hand paid, the receipt of which is hereby acknowledged, * * *"

Then the clause providing for the laying of additional pipe lines contains the following provision:

"Should more than one pipe line be laid under this grant, at any time, an additional consideration, calculated *on the same basis per lineal rod* as the consideration hereinabove recited, shall be paid for each line so laid after the first line."

The district judge assigned three reasons for holding the instrument invalid for indefiniteness, none of which applies to the instrument we are construing. The principal ground given by him, and the only one expressly touched on by the circuit court

of appeals in affirming the judgment (supra) was that no consideration "per lineal rod" of pipe, and no standard by which such consideration is to be determined, is recited in any part of the instrument.

There is no such problem in the subject pipe line right of way easement, because here the consideration to be paid for each additional pipe line is clearly and unmistakably spelled out, and the instrument in definite language expressly granted the right to lay etc. the additional pipe line alongside of the first line.

City of Pasadena v. California-Michigan Land & Water Co., supra, cited by appellant involved an inquiry by the court as to whether or not the easement was exclusive. Appellee does not contend that it has an exclusive easement, and that issue is not before us.

The instrument in the present case granted the right to lay, maintain, inspect, operate, repair, replace and remove a pipe line for the purposes stated therein, and also, in a separate paragraph to at any time lay, maintain, operate, repair, replace, or remove an additional pipe line alongside of the first one. It proceeded to give, by express language, the right to grantee to change the size of its pipes.

The right to lay only one pipe line was granted in Houston Pipe Line Company v. Dwyer, supra. The company was not granted the right to remove and replace it by larger size pipe; and the court in construing the provisions of the easement grant held that the easement rights became fixed and certain when the company constructed its 18 inch line, and it was not authorized several years later to remove such line and replace it with a substantially larger pipe line. In our case, as will be noticed by comparison of the two instruments, grantee was given additional rights the omission of which in Dwyer was especially commented on in the opinion. Certainly the grant in the present case does *not*

evidence that it was the intent of the parties that grantee or its assigns, in the laying of an additional pipe line would be limited to the eight inch size of the pipe first laid; indeed it expresses an intention quite to the contrary. See Knox v. Pioneer Natural Gas Company, Tex.Civ.App., 321 S.W.2d 596, wr. ref. n. r. e., distinguished on the facts in Dwyer, supra; Weaver v. Natural Gas Pipeline Company of America, 27 Ill.2d 48, 188 N.E.2d 18.

As stated in Phillips Petroleum Company v. Lovell, Tex.Civ.App., 392 S.W.2d 748, p. 751, wr. ref. n. r. e.:

"We do not consider Houston Pipe Line Company v. Dwyer, Tex.Sup., 374 S.W.2d 662, nor Winslow v. City of Vallejo, 148 Cal. 723, 84 P. 191, 5 L.R.A.,N.S., 851, relied on by appellees, as being analogous to the instant case on the facts. The former involved a single line grant and the latter a single installation grant. Neither is applicable to a multiple line grant such as those in the instant case."

See, also, Coastal States Crude Gathering Co. v. Cummings, Tex.Civ.App., 415 S.W.2d 240, 243, wr. ref. n. r. e.

The factual situation in Tennessee Public Service Co. v. Price, supra, involves an attempt by the power company to enlarge and relocate, in accordance with blue prints unknown to grantor and his assigns and kept in the New York office of power company, an indefinite easement after its limits had been defined years earlier by practical construction of the parties, and is in no way comparable to the present case.

We have given careful consideration to the language in each paragraph of the easement grant here in litigation, and find nothing so indefinite or ambiguous as to create an uncertainty of construction or a material fact issue on the record before us. No issue of unreasonableness in the size of the second pipe line is raised by the record. We overrule appellant's third point.

■ Under her fourth point, appellant asserts that the right to install additional pipe lines under the easement grant was personal to the original grantee (Sinclair) and was not assignable. The right given to construct additional pipe lines was not a mere personal right in the original grantee, but was a vested right under the grant, as heretofore decided. Pipe line right of way easements are assignable. Williams v. Humble Pipe Line Company, Tex.Civ.App., 417 S.W.2d 453, 455, n. w. h.; Standard Oil Co. v. Buchi, 72 N.J.Eq. 492, 66 A. 427; Geffine v. Thompson, 76 Ohio App. 64, 62 N.E.2d 590. The rights under the subject grant were expressly made assignable by the provisions of the instrument, which provided that "the terms, conditions and provisions of this contract shall extend to and be binding upon the * * * successors and assigns of the parties hereto." The fourth point is overruled.

■ In her fifth point and the statement thereunder, appellant says that the right to install additional pipe lines was not assigned by the original grantee, Sinclair, but that only the existing pipe line was assigned, and that any rights as to additional pipe lines were abandoned.

The easement grant from Schulze who owned the land then, to Sinclair Refining Company was executed in 1942. Sinclair constructed its line across the land in 1943. In May, 1962, according to the undisputed facts in evidence, Sinclair by written instrument duly recorded in the records of the county clerk of Refugio County, where the land is situated, conveyed to Coastal States Petrochemical Company, its successors and assigns, a large number of right of way grants, expressly including the one in litigation. These right of way grants and contracts, including the one in issue, were assigned and conveyed by this latter named company to appellee by written instrument, duly recorded, dated September 18, 1964. We hold that *all rights* of the original grantee under said instrument were duly assigned to and acquired by appellee. Williams v. Humble Pipe Line Co., supra.

■ The only evidence, if such it may be asserted to be, of abandonment relied on by appellant is the fact that no other line was constructed between 1943, the date of the installation of the first one, and 1965, when the line complained of was constructed. Thus, for its claim of abandonment, appellant relies solely on the fact of the passage of 22 years.

■■ The passage of time alone does not constitute an abandonment of vested rights. Dallas County v. Miller, 140 Tex. 242, 166 S.W.2d 922, 924(2, 3), op. adopted by Sup.Ct.; Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849; Perry v. City of Gainesville, Tex.Civ.App., 267 S.W.2d 270, 274, wr. ref. n. r. e.; Nonken v. Bexar County, Tex.Civ.App., 221 S.W.2d 370, wr. ref. n. r. e.; Williams v. Humble Pipe Line Co., supra; 21 Tex.Jur.2d 178, Easements, § 49. An essential element of abandonment is an intention to abandon, which must be established affirmatively by facts showing an intent to abandon. There were neither pleadings nor evidence of such an intention in the trial court hearing.

A cursory reading of many of the multiple lines rights cases heretofore cited will show that they involved easements which had been assigned, and wherein there had been a passage of time between the execution of the grant and the installation of the additional pipe line of from five to thirty-five years, without a holding that the easement rights were not assignable, or that there had been an abandonment of the rights under the grant.

We have thoroughly considered each of appellant's points of error, and the statements and argument thereunder and overrule them. When the subject easement grant is carefully examined from its four corners, the intention to grant the right to construct the additional pipe line installed by appellee in 1965 is clearly spelled out.

Judgment affirmed.