Margaret **MOODY** et al., Appellants,

v.

**PHILLIPS PETROLEUM COMPANY,**
Appellee.

No. 9053.

Court of Civil Appeals of Texas,
Amarillo.

Jan. 23, 1980.

Rehearing Denied Feb. 20, 1980.

Lovell, Lyle, Renfer & Moore, Jim Duvall Dumas, for appellants.

Phillips Petroleum Co., Joe Cochran, Jack Ritchie, Claud H. Drinnen, III, Amarillo, for appellee.

DODSON, Justice.

In this appeal, we determine that the easements in question before the court are multiple line grants rather than single line

or single installation grants. The easements provide in part that:

For and in consideration of . . . [the Grantor does] hereby *grant* unto Phillips Petroleum Company, a corporation, its successors and assigns, *the right to lay, maintain, inspect, erect, operate and remove a pipe line or pipe lines* and accompanying telephone or telegraph lines over, through, upon, under and across the following described land in . . . County, State of Texas, to-wit: [the property description]

Grantee agrees that, *if at any time or times any such pipe line or pipe lines shall be laid, Grantee shall pay to Grantor, in addition to the consideration hereinabove stated, the sum of Fifty cents per rod* (emphasis added).

The appellants in this action are Margaret Moody, S. R. Cluck and wife Faye Cluck, Effie Cluck, Rebecca Westerfield, individually and in her capacity as a trustee, Harley Alexander and Maude Alexander, individually and in their capacities as trustees, Olga Graves Utley, Dean Sparks, Jerry Sparks, J. C. Cluck and wife Doris Cluck, Jane Stedje, Bob Cluck, Delmer Keisling,[1] Joe Pat Westerfield, Vernon Teaff, John L. Humphreys, Leon Bagwell and wife Nell Dean Bagwell, John H. Goodwin, Cora Oreda Wills McDaniel, L. B. McDaniel, Wayne Garrett, Edna Cluck, individually and in her capacity as trustee of the D. G. Cluck Estate, Dennis Stedje and wife Kathy Stedje and James R. Lovell. The appellee is Phillips Petroleum Company.

In 1944, the appellants or their respective predecessors in interest each granted an easement to Phillips. All of the easements in question contain identical provisions as set forth above save the noted exception in the Keisling instrument. In 1945, Phillips laid a pipe line across the properties of the respective appellants. Subsequently and during the period from 1945 to 1978, Phillips constructed additional and other pipe lines and exercised rights under the easements.

In 1978, Phillips began construction of another pipe line under these grants. The appellants refused payment of the tendered consideration stated in the easement instruments for the additional pipe line. Subsequently, they filed this action against Phillips for a declaration of rights under the easements.

In the declaratory judgment action, the appellants claim that the 1944 grants are single line or single installation easements, that Phillips previously exercised its rights under the easements and that Phillips had no right under the grants to construct an additional pipe line in 1978 or any other future pipe line or pipe lines. Phillips answered the action and filed a motion for summary judgment asserting that the 1944 grants in question are expansible multiple line easements of perpetual duration. The trial court rendered summary judgment in favor of Phillips. Appeal is taken from.this judgment and we affirm.

The appellants primarily rely on *Winslow v. City of Vallejo*, 148 Cal. 723, 84 P. 191 (1906) and *Pioneer Natural Gas Co. v. Russell*, 453 S.W.2d 882 (Tex.Civ.App.—Amarillo 1970, writ ref'd n. r. e.). We do not consider these cases controlling in the action before us. In each case, the court was construing a single installation grant.

Phillips relies on *Phillips Petroleum Co. v. Lovell*, 392 S.W.2d 748 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.). In *Lovell* this court determined that two certain easement conveyances were multiple line grants of perpetual duration. The two grants were essentially the same. In the opinion, one is referred to as the 1944 grant and the other is referred to as the 1946 grant.

The 1944 grant in *Lovell* is identical to the grants before the court in this instance. In disposing of the contention made in *Lovell* that the 1944 grant and the 1946 grant were single line on single installation easements, this court said:

For us to hold in the instant case that the plural language "pipe lines" was intended

---

1. The easement challenged by Delmer Keisling specified $1.00 per rod rather than fifty cents.

In all other pertinent aspects, the remaining easement documents are the same.

by the parties to mean only those laid in 1944 under that grant or in 1950 under the 1946 grant would be to completely disregard the language providing: "at any time or times" and the provision for payment of the designated amount per rod for the laying of a pipe line or pipe lines at any time or times.

*Id.* at 750. We are still persuaded that the easements before us are multiple line grants.

Nevertheless, the appellant says the grants are ambiguous, as a matter of law, because the instruments fail to state the number of pipe lines, the course of any such pipe line, the width of the easement and omit the word "additional" in reference to pipe lines. We do not agree. These contentions have been consistently rejected by the Texas courts in other multiple line grant cases such as *Strauch v. Coastal State Crude Gathering Co.*, 424 S.W.2d 677, 681 (Tex.Civ.App.—Corpus Christi 1968, writ dism'd); *Crawford v. Tennessee Gas Transmission Co.*, 250 S.W.2d 237, 240–41 (Tex. Civ.App.—Beaumont 1952, writ ref'd); and *Lone Star Gas Co. v. Childress*, 187 S.W.2d 936, 940 (Tex.Civ.App.—Waco 1945, no writ).

In disposing of contentions similar to those made by the appellant in this action, the court in *Strauch* stated:

> The courts have held that the failure to spell out all of the terms in an easement with respect to the construction of additional pipe lines does not render ambiguous or unenforcible the rights granted. . . . Quoting again from Sorrell: "There are, of course, elements of indefiniteness in every instrument which simply grants certain rights of use with respect to a tract of land and does not specify that those rights are to be exercised over any particular portion of the property. Then, too, the quantity of land which may be used by the grantee for constructing and maintaining its line or for ingress and egress is not customarily specified in the type of easement under consideration and these matters may likewise be said to be left uncertain. The great weight of authority is, however, that such grants are nevertheless valid."

*Strauch v. Coastal State Crude Gathering Co.*, *supra*, at 681. Accordingly, we conclude that the easements before us are not ambiguous.

In summary, we have reviewed and considered each of appellants' three points of error. Each point is overruled. Accordingly, the judgment of the trial court is affirmed.

COUNTISS, J., not participating.