**LOWER COLORADO RIVER
AUTHORITY, Appellant,**

v.

**John NAUMANN, Et Al., Appellee.**

**No. 01–81–0877–CV.**

Court of Appeals of Texas,
1st Dist.

July 29, 1982.

Dennis R. Reese, Small, Craig & Werkenthin, Austin, for appellant.

Womack, Barron & McClish, Danny Womack, Austin, for appellee.

Before STILLEY, SMITH and PRICE, JJ.

STILLEY, Justice.

This action is an appeal from the declaratory judgment of the trial court construing a deed that purports to convey real estate in fee and easement rights to the Lower Colorado River Authority (LCRA). At trial, on September 21, 1981, only the deed was admitted in evidence and no witnesses were heard. Counsel for both parties agreed there was an absence of disputed material fact issues. The trial court ruled that the deed in question did not create an easement in favor of LCRA. Thereafter, on agreed motion, LCRA's declaratory judgment action was severed from its condemnation action to allow appeal on the declaratory judgment. We affirm the judgment of the trial court.

Morris and Mary Naumann executed a general warranty deed to LCRA on September 17, 1965, in which the Naumanns conveyed eight acres of surface estate, and received $8,000 in payment. Within a few months the appellant entered upon this eight-acre tract and constructed an electric power station. Although this substation was used in conjunction with powerlines, the appellant made no attempt to exercise any easement rights under the deed, and made no tender of monies until March 2, 1981. By a check in the amount of $150, dated March 2, 1981, the appellant reported its "present intention to exercise easement rights" under its deed. Pursuant to the appellees' refusal of this tender, this suit was brought to have title to the property adjudged by the trial court.

The trial court made the following findings in its judgment:

1. That the Deed recorded at Volume 249, pages 546–550 of the Deed Records of Colorado County, recorded on September 21, 1965, was insufficient to effect a current transfer of easement rights in the Plaintiffs.

2. That said deed created a future right to purchase the easement sought which could best be described as an option to purchase an easement.

3. That said option was not supported by consideration.

4. That the Plaintiff failed to attempt to exercise said option within a reasonable time of the date of its creation.

The dispute centers around the second grant in the deed, which purports to convey either a perpetual easement over a one hundred foot wide strip of land, for electric transmission lines, or, an option to acquire such perpetual easement. The wording of the questioned portion of the deed is as follows:

That we, Morris Naumann, Jr. and wife, Mary Becica Naumann, for and in consideration of the sum of Eight Thousand Dollars ... have GRANTED, SOLD AND CONVEYED and by these presents do GRANT, SELL AND CONVEY to the Lower Colorado River Authority ... the following described property, interests and rights situated in Colorado County, Texas, to-wit:

(2) A perpetual easement to construct, maintain and operate electric transmission lines over the adjacent property of the Grantors herein, such easement rights to be reflected by a conveyeance on the regular form of easement of the Lower Colorado River Authority (a copy of which form is attached hereto, marked Exhibit "B" and included herein by reference); and such transmission lines will occupy a 100 foot strip of land lying along and to the East of the West boundary line of said 40.81 acre tract of land extending from the North line of such tract to the North line of said 8 acre tract of land herein conveyed, and the Grantors herein hereby agree and bind themselves their heirs and assigns that they will upon a request from the Authority execute an electric transmission line easement or easements at the location hereinabove described situated adjacent to the 8 acre tract herein conveyed on the condition that Authority will pay to the Grantors upon execution and delivery of such easement the sum of Fifteen Dollars ($15.00) per pole or guy in pastureland and twenty-five dollars ($25.00) per pole or guy in cultivated land, the above right to obtain such an easement being a covenant running with the land.

LCRA argues that this instrument conveys a perpetual easement, along with the eight acre tract in fee, in consideration for the $8,000 payment. Appellees argue that only an option to purchase the easement was conveyed, in addition to the eight acre tract, that no election to exercise the option occurred within a reasonable period, and that there was no consideration for the option.

■ Appellant's first two points allege error by the trial court in finding that no easement rights were created by the 1965 deed.

Appellant's third point of error alleges the evidence to be insufficient to support the judgment. The trial court construed the deed to create an option in LCRA to purchase the easement in question, but that such option was not exercised within a reasonable time nor was it supported by consideration.

The appellant argues the application of the rule of construction that a deed must be construed most strongly against the grantor and in favor of the grantee, so as to confer the largest estate which a fair interpretation will permit. It is clear that this rule would apply where an estate of some form was actually conveyed by the writing, and not to a situation where it can be determined that the intent of the parties was to have option rights for a conveyance in the future.

"It is elementary that unless the deed be ambiguous, it is the duty of all courts to construe the deed within its four corners. In such construction the court seeks the intention of the parties as shown by the deed." *Ulbricht v. Friedsam,* 159 Tex. 607, 325 S.W.2d 669 (1959). In addition:

[i]n construing deeds all parts of the deed must be given effect if possible to do so without violating any legal principles. Even though different parts of the deed may appear to be contradictory and inconsistent with each other the courts must construe the deed so as to give effect to all parts thereof and will harmonize all provisions therein and not strike down any part of a deed unless there is an irreconcilable conflict.

*Cockrell v. Texas Gulf Sulphur Company,* 157 Tex. 10, 299 S.W.2d 672 (1956). Appellant argues that the only construction of the deed that gives effect to all the language in the deed is that it conveys an easement over the one hundred foot strip and also conveys eight acres in fee simple.

The scope of an express easement is determined by the same rules which are applicable to deeds and other instruments. *Armstrong v. Skelly Oil Co.,* 81 S.W.2d 735 (Tex. Civ. App. 1935, writ ref'd). In case of an unambiguous writing, the courts will give effect to the intention of the parties as expressed by or as is apparent from the writing. *Wall v. Lower Colorado Authority,* 536 S.W.2d 688 (Tex. Civ. App. 1976, writ ref'd n.r.e.). In the usual case, the instrument alone will be deemed to express the intention of the parties for it is the objective, not the subjective, intent which controls. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515 (Tex. 1968).

The parties did not plead that the easement instrument was ambiguous, and accordingly they did not tender evidence to explain any supposed ambiguity. Under such circumstances the courts give effect to the intention of the parties as expressed by or as is apparent in the easement instrument.

*Phillips Pipe Line Company v. Clear Creek Properties, Inc.,* 553 S.W.2d 389, 391 (Tex. Civ. App.—Austin 1977, writ ref'd n.r.e.).

The parties in the instant case likewise agree that no ambiguity exists in the deed. We thus must give effect to the objective intention of the parties as expressed by the deed.

Appellant argues that all provisions of the deed can only be harmonized by construing it to convey an easement. However, appellant only harmonizes, in its brief, the language that states "... such easement rights to be reflected by a conveyance on the regular form of easement of the [L.C.R.A.] ..." (The "form" easement was attached to the deed, left blank in all pertinent parts, and not signed or initialed). Appellant reasons that this reference to the "form" easement was intended only to ensure consistent easement rights along the path of the transmission line. However, we note that the parties agreed to the execution of an easement or easements rather than to accomplish in the future the ministerial task of filling out forms to reflect easement rights already granted.

The appellees argue that the deed language merely creates an option to acquire the easement. The appellees harmonize the language that states:

"... we ... do grant, sell and convey ... the following described property, interests and rights situated in Colorado County, Texas, to wit:

(2) A perpetual easement to construct, maintain and operate electric transmission lines over the adjacent property of the Grantors herein ...",

by noting that the grantors convey "rights" in addition to property and interests, and argues that all the appellant bargained for was a "right" to acquire the easement, in addition to the eight acres in fee.

Appellant does *not* attempt to harmonize with its own position the deed language stating:

"... the Grantors herein hereby agree and bind themselves their heirs and assigns *that they will upon a request from the Authority execute an electric transmission line easement or easements* at the location hereinabove described situated at the location hereinabove described situated adjacent to the 8 acre tract herein conveyed *on the condition that Authority will pay* to the Grantors upon execution and delivery of such easement the sum of Fifteen Dollars ($15.00) per pole or guy in pasture land and Twenty-five Dollars ($25.00) per pole or guy in cultivated land ..." (emphasis added).

Nor do they harmonize the language stating:

"... the above *right to obtain such an easement* being a covenant running with the land." (emphasis added)

In determining the intentions of the parties from the instrument we are unable to

ignore the language that the grantor, upon request, will execute an easement or easements upon payment of stated amounts, nor the provision that this right to obtain an easement will run with the land.

> [I]t is not the intention which the parties may have had, but failed to express in the instrument, but it is the intention which by said instrument they did express. In other words, the question is not what the parties meant to say, but the meaning of what they did say. If there is no ambiguity in a deed, the instrument will be enforced as written even though it does not express the original intention of the parties. (cites omitted).

*Peterson v. Barron,* 401 S.W.2d 680, 685 (Tex. Civ. App.—Dallas 1966, no writ). Appellant's first three points of error are accordingly overruled.

■ Appellant's fourth point alleges error by the trial court in rendering its judgment for the reasons that the court's finding that the option agreement was not supported by consideration, was not supported by sufficient evidence, and was against the preponderance of the evidence.

> It is axiomatic that to be valid and enforceable a contract establishing an option must be supported by consideration. 13 Tex. Jur. 2d Contracts Sec. 38 (1960). Often the consideration is, as here, a sum of money to be regarded as a parcel of the total purchase price in the event the option-holder elects to buy. If an option is contained in a contract which itself is supported by a sufficient consideration, no independent consideration for the option itself need appear. *Colligan v. Smith,* 366 S.W.2d 816 (Tex. Civ. App.—Fort Worth 1963, writ refd. n.r.e.).

*Echols v. Bloom,* 485 S.W.2d 798, 800 (Tex. Civ. App.—Houston [14th Dist.] 1972, writ ref'd. n.r.e.); *Click v. Seale,* 519 S.W.2d 913, 918 (Tex. Civ. App.—Austin 1975, writ ref'd. n.r.e.). The option agreement was supported by consideration. The deed expressly states, in part:

> "[t]hat we [appellees' predecessors in title] for and in consideration of the sum of eight thousand dollars . . . do grant, sell

and convey to the [L.C.R.A.] . . . the following described property, interests and rights . . ."

> (1) A tract of land comprising 8 acres more or less . . .

> (2) A perpetual easement to construct . . .

The language of the deed does not apportion the purchase in fee of the eight acres and the purchase of the option rights. The appellee argues that the instant deed does contemplate separate considerations by the language that requires payment of a fixed amount for each pole implanted in the easement. These payments, however, do not constitute the consideration for the option to acquire the easement. Rather, these payments per opening appear to constitute a portion of the purchase price for the easement itself. No separate amount of money is recited as consideration for the granting of the option to acquire the easement.

Appellant's fourth point of error is sustained; however, in view of the disposition of appellant's fifth point of error, that appellant did allow an unreasonable amount of time to pass before attempting to exercise the option, we hold this error to be harmless. Tex. R. Civ. P. 434.

■ Appellant's final point alleges error by the trial court in finding that appellant allowed an unreasonable amount of time to pass before attempting to exercise the option.

The deed creating the option to acquire the easement was executed September 15, 1965. The parties stipulated that $150 was tendered to appellees on March 2, 1981, for payment based on the number of openings in the tract subjected to the purported easement, as contemplated by the deed and option agreement.

> In *Mattern v. Herzog,* Tex., 367 S.W.2d 312, 318, Judge Norvel recognized the general rule that in options "time is of the essence." In *Johnson v. Portwood,* 89 Tex. 235, 34 S.W. 596, 598, our Supreme Court said that when a transaction is in the nature of a unilateral contract,

"where a party is given an option to acquire a right by doing a certain thing within a specified time,—it is held that time is essential, and that in order to secure the right he must comply within the specified period. This is settled law." In *Bush v. Merrill,* (Tex. Cr. App.), 206 S.W. 834, 838, it was held that in every contract in which the time for exercising an option is not fixed the law allows a reasonable time for exercising the option; the time depending upon the facts and circumstances of each case. It also held that what is a reasonable time for performance is ordinarily a question of fact. (cites omitted). In *Grier v. Stewart,* Tex. Civ. App., 136 S.W. 1176, it was held that in options to purchase real estate time is of the essence. (cites omitted)

*McGaffey v. Walker,* 379 S.W.2d 390 (Tex. Civ. App.—Eastland 1964, writ ref'd. n.r.e.). The cases cited by appellant regarding the delay not being unreasonable, *Williams v. Humble Pipe Line Company,* 417 S.W.2d 453 (Tex. Civ. App.—Houston 1967, no writ), and *Strauch v. Coastal States Crude Gathering Co.,* 424 S.W.2d 677 (Tex. Civ. App.—Corpus Christi, 1968, writ dism'd), do not involve an option and may be distinguished on that basis. We hold the trial court correctly found the fifteen and one half year delay in exercising the option to be unreasonable. The judgment is affirmed.